**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-2(b)

**STARK & STARK, PC**
Joseph H. Lemkin, Esq.
100 American Metro Blvd.
Hamilton, NJ 08619
Telephone (609) 791-7022
jlemkin@stark-stark.com
*Counsel to The Vizcaya Condominium Association, Inc.*

In re:

Eric Dziadyck.

            Debtor.

Case No. 26-14400-CMG

Chapter 7

Hearing Date:

**MOTION FOR ENTRY OF ORDER (I) CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY OR, IN THE ALTERNATIVE, (II) GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) TO PERMIT CONTINUATION OF STATE COURT LITIGATION AND FOR WAIVER OF STAY PURSUANT TO RULE 4001(a)(3)**

**Preliminary Statement**

The Vizcaya Condominium Association, Inc. ("Movant") files this motion (the "Motion") pursuant to Section 362(a) of Title 11, United States Code ("Bankruptcy Code"), for an order (1) confirming that the automatic stay imposed pursuant to 11 U.S.C. § 362(a) upon the filing of the above-captioned bankruptcy case by Eric Dziadyk ("Debtor") does not extend to Tekcon Construction, Inc. (the "Company"), and does not stay litigation styled as Vizcaya Condominium Association, Inc. v. Northfield Mass Associates, LLC et al., Docket ESX-L-7766-17 (the "State Court Litigation") pending in the Superior Court of New Jersey against the Company; or, in the

1

4908-9959-1087, v. 1

alternative, (2) granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to permit Movant to proceed with the State Court litigation.

The Company is a separate corporate entity that is not itself a debtor in any bankruptcy proceeding. The automatic stay under § 362 of the Bankruptcy Code protects only the Debtor — it does not extend to separate non-debtor entities. Accordingly, no stay is in effect as to Movant's claims against the Company.

To the extent this Court were to determine that the stay does apply to the litigation against the Company, cause exists under § 362(d)(1) to grant relief from the stay so that Movant's construction defect litigation may proceed in State Court Litigation.

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated June 6, 2025 (Bumb, C.J.)

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory base for the relief requested herein is Section 362 of the Bankruptcy Code.

## FACTUAL BACKGROUND

### The State Court Litigation

4.    Prior to the filing of the case *sub-judice*, Movant commenced the State Court Litigation against the Company in the Superior Court of New Jersey. See Certification of Richard Aborn, submitted herewith and in support hereof ("Aborn Cert"), at paragraph 2.

5.    The State Court Action arises out of construction defects related to deficient stucco and stone veneer cladding installed on multiple townhome and condominium buildings located in

2

1 Metzger Drive, West Orange, New Jersey 07052.  The defective cladding materials have allowed water to seep in and caused substantial property damage to common elements controlled by the Movant. The claims asserted include breach of contract, breach of warranties, negligence, and consumer fraud. Id. at paragraph 2 to 4.

6.    As of the date of the Debtor's bankruptcy filing, the State Court Action is scheduled to begin trial on June 1, 2026. Id. at paragraph 7.

7.    Movant has sustained damages related to the defective cladding in an amount no less than $37,823,862.00, caused in part by the Company's defective work. Id. at paragraph 6.

### The Bankruptcy Case

8.    On or about April 22, 2026 (the "Petition Date"), the Debtor filed his voluntary petition commencing the above-captioned case under Chapter 7 of the Bankruptcy Code.

9.    The Debtor is the owner of the Company, a New Jersey corporation. Id. at paragraph 5.

10.    The Company is a separate legal entity. It has not filed a petition for bankruptcy relief, and there is no bankruptcy case pending for the Company. Id. at paragraphs 8 to 9.

11.    The Company is not listed as a co-debtor in this bankruptcy case, nor has the Debtor sought to extend the automatic stay to the Company by motion or otherwise. Id. at paragraph 10.

12.    The company is out of business and has been "dissolved without assets" according to the New Jersey Department of the Treasury records. Id. at paragraph 11.

### RELIEF REQUESTED AND REASONS THEREFORE

### The Automatic Stay Does Not Apply to the Company

13.    The automatic stay under 11 U.S.C. § 362(a) operates as a stay of proceedings "against the debtor." The statute expressly limits its protection to the filing debtor and the debtor's

3

estate. Section 362(a)(1) stays only "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against *the debtor*." 11 U.S.C. § 362(a)(1) (emphasis added).

14.     As confirmed by the Third Circuit, "it is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor." *McCartney v. Integra Nat'l Bank N.,* 106 F.3d 506, 509–10 (3d Cir. 1997).

15.     Here, the Debtor is an individual who has filed a personal bankruptcy. The Company is a separate, distinct legal entity — a corporation formed under New Jersey law — that has not filed for bankruptcy protection. By the plain language of § 362(a) and controlling Third Circuit precedent, the automatic stay does not apply to Movant's litigation against the Company.

**No "Unusual Circumstances" Exist to Justify an Extension of the Stay to the Company**

16.     Courts in the Third Circuit recognize that, in limited circumstances, a debtor's automatic stay may be extended to a non-debtor where there is such an identity between the debtor and the non-debtor that "a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *McCartney*, 106 F.3d at 510.

17.     No such unusual circumstances exist here. Specifically, the Company is out of business and has been "dissolved without assets" per the New Jersey Department of the Treasury records. The claims against the Company in the State Court Litigation seek recovery solely from the insurance proceeds of the Company. The Debtor was not named as a defendant in the State Court Litigation. Any judgment in the State Court Litigation will not be "in effect be a judgment or finding against the debtor."

4

4908-9959-1087, v. 1

18.     The Company is the direct contracting party and tortfeasor for the defective construction work that is the focus of the State Court Litigation.  A judgment against the Company is a judgment against the Company, not against the Debtor individually.

19.     The claims asserted against the Company are independent claims arising from the Company's own acts and omissions in performing stucco installation work.

20.     Because no unusual circumstances exist, the automatic stay does not extend to the Company, and the State Court Action should be permitted to proceed against the Company without further order of this Court.

## In the Alternative, Cause Exists to Grant Relief from the Automatic Stay

21.     Should this Court determine that the automatic stay does apply to the State Court Litigation Movant respectfully requests that this Court grant relief from the stay pursuant to 11 U.S.C. § 362(d) which provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest …

11 U.S.C. § 362(d).

22.     The term "cause" is broadly defined, and the Court has wide discretion to consider "what constitutes cause based upon the totality of the circumstances in each particular case." *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997).

23.     The decision to grant stay relief to permit litigation involving a bankruptcy debtor to continue elsewhere is subject to an established 12-factor analysis described in *In re Mid-Atlantic Handling Sys., LLC*, 304 B.R. 111, 130 (Bankr. D.N.J. 2003) and *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990):

5

(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

24.     However, "[t]he Court has the discretion to rely upon any combination of these factors to decide whether to lift the automatic stay. *Mid-Atlantic*, 304 B.R. at 130 (citing *In re Ice Cream Liquidation, Inc.*, 281 B.R. 154, 165 (Bankr. D. Conn. 2002)). Here, the *Mid-Atlantic* factors 1, 2, 5, 10 and 12 are most applicable and weigh in favor of granting the relief requested herein.

25.     In this case, factors 1 and 10 weigh heavily in favor of lifting the automatic stay. The State Court Litigation was filed and is proceeding in a court with full jurisdiction over construction defect claims under New Jersey law. Permitting the litigation to continue in state court will result in a complete resolution of Movant's claims against the Company in the most efficient forum.

26.     Factor 2 also weighs in favor of stay relief. The State Court Litigation concerns the non-debtor Company's independent construction work and is not a core bankruptcy proceeding. Continuation of the litigation against the Company will not interfere with the administration of the Debtor's personal bankruptcy estate.

6

27. The Company, a non-debtor, is one of several primary defendants in the State Court Litigation. The litigation, therefore, is fundamentally directed against third-party entities, not the Debtor. Accordingly, factor 6 weighs in favor of stay relief too.

28. The balance of harms also weighs in Movant's favor. Movant will suffer significant prejudice if the stay is not lifted, including continued denial of access to the courts to seek compensation for substantial property damage caused by defective construction work. By contrast, the Debtor will suffer no material prejudice. The litigation is against the Company, not against the Debtor directly, and any monetary judgment will not run against the Debtor personally or against property of the bankruptcy estate. Moreover, the Debtor is not seeking to reorganize. This is a chapter 7 liquidation, and the Company is defunct and provides no value to the Debtor's bankruptcy estate.

29. The source of recovery of any judgment obtained against the Company in the State Court Litigation will be the Company's insurance proceeds. The debtor's assets, if any, will not be subject to any such judgment.

30. Factor 5 also weighs in favor of Movant because the Company's insurance carrier has defended the Company from the outset of the State Court Litigation and continues to defend the Company as trial approaches.

31. In sum, Movant holds unliquidated construction defect claims. Without relief from the stay, Movant is indefinitely barred from liquidating those claims through the State Court Litigation that was actively pending prior to the bankruptcy filing. Witnesses' memories fade, evidence may become unavailable, and Movant's ability to fully prosecute its claims is materially prejudiced by delay. This is precisely the type of situation for which § 362(d)(1) relief is designed.

4908-9959-1087, v. 1

## WAIVER OF STAY

32.     Fed. R. Bankr. P. 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise.  Movant submits that the stay pursuant to Rule 4001(a)(3) should be waived in this matter so as not to further delay the Action.

## CONCLUSION

**WHEREFORE**, the Vizcaya Condominium Association, Inc. respectfully requests that this Court enter an order confirming that the automatic stay does not apply, or alternatively modifying the stay afforded by 11 U.S.C. § 362 to permit Movant to continue the State Court Litigation, and the stay of any such order pursuant to Fed. R. Bankr. P. 4001(a)(3) be waived, and for such other and further relief as this Court deems just.

Dated: May 25, 2026

**STARK & STARK**
A Professional Corporation

/s/ *Joseph H. Lemkin*
Joseph H. Lemkin
100 American Metro Blvd.
Hamilton, NJ 08619
Telephone (609) 791-7022

*Counsel to Vizcaya Condominium*
*Association, Inc.*

8

4908-9959-1087, v. 1