**9496**

**HUESTON MCNULTY, P.C.**
Samuel J. McNulty, Esq.
Atty. ID #031761989
256 Columbia Turnpike
Suite 207
Florham Park, New Jersey 07932
(973) 377-0200

**STARK & STARK**
A Professional Corporation
John Randy Sawyer, Esq.
Atty. ID # 016401998
993 Lenox Dive
Lawrenceville, NJ 08648-2389
(609) 896-9060

Co-Counsel for Plaintiff
*Vizcaya Condominium Association, Inc.*

| | |
|---|---|
| VIZCAYA CONDOMINIUM ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; ACIES GROUP, LLC.; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY, INC.; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE, INC., a/k/a BEST GATE AND FENCE OF NJ; C&S FOUNDATIONS, INC.; CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC., A/K/A CLEM'S CARFARO'S ORNAMENTAL IRON WORKS INC.; CONSTANT AIR, a/k/a CONSTANT AIR | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: ESSEX COUNTY <br><br> DOCKET NO.: ESX-L-7766-17 <br><br><br> Civil Action <br><br> **SIXTH AMENDED COMPLAINT; CERTIFICATION PURSUANT TO <u>RULE</u> 4:5-1; JURY DEMAND; AND DESIGNATION OF TRIAL ATTORNEY** |

SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.; DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE, INC.; DUBROW'S NURSERIES, INC.; FM HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE LLC; HARMONY HEATING CORP.; JAN FENCE, INC.; M&S BUILDERS, LLC, a/k/a MS BUILDERS AND DEVELOPERS LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION; PRESTIGE PLUMBING, INC., a/k/a PRESTIGE PLUMBING AND HEATING CO., INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT CONTRACTING LLC; SJ CARNEY ROOFING COMPANY, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE & MASONRY CORP.; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP.; VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC; D. LOUREIRO MASONRY CONTRACTOR,INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR,INC.; ARCO

2

AIR CONDITIONING,INC.; MG HVAC,LLC; YEREVAN CORP.; IVLD,LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; JAMES PULEO; RANDY WEATHERLY; DAVID PANTIRER; DHNS ENGINEERING, INC.; JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies), JOHN DOES 21-30 (representing engineers individually or as companies); JOHN DOES 31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60)fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities; JOHN DOE BROKERS/PRODUCERS (61-80) fictitiously named individuals and ABC CORP. BROKERS/PRODUCERS (11-30) fictitiously named entities; ABC CORP. (31-40) fictitiously named entities; JOHN DOE BOARD MEMBERS (1-25)fictitiously named individuals;

Defendants.

NORTHFIELD MASS ASSOCIATES, LLC,

Third-Party Plaintiff,

3

v.

CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, LLP, KHACHATURIAN ENGINEERING ASSOCIATES, INC., LESSARD DESIGN, INC., LESSARD URBAN, INC., M&Z ENGINEERING ASSOCIATES, P.C., ALL STATE RESTORATION, INC., BLUE LINE DRYWALL AND BUILDER, INC., COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP., JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC., JOA-LYN ENTERPRISE, INC. t/a JLE INSULATION, SYNTHETIC STONE, INC., INTEGRA MANAGEMENT, INC., GALE ASSOCIATES, INC.; JOHN DOES 1-10, ABC CORPORATIONS 11-20 (fictitiously-designated third-party defendants being the persons and/or entities performing construction services on behalf of the Defendant/Third-Party Plaintiff),

     Third-Party Defendants.

---

ACIES GROUP, LLC

     Third-Party Plaintiff,
v.

D. LOUREIRO MASONRY CONTRACTOR, INC., JHB CONTRACTORS, LLC, AJILIA CONTRACTORS AND TERINO STUCCO, LLC

     Third-Party Defendants.

---

FM HOME IMPROVEMENT, INC.

     Third-Party Plaintiff,
v.

4

PATWOOD ROOFING COMPANY, JOHNS MANVILLE, JOHN DOES 1-50 (representing subcontractors, contractors, engineers, architects, manufacturers, and other fictitiously name persons) and ABC CORP 1-50 (fictitiously named entities).

       Third-Party Defendants.

THYSSENKRUPP ELEVATOR CORP.

       Third-Party Plaintiff,

v.

MILLENIUM HOMES

       Third-Party Defendant.

_____

SJ CARNEY ROOFING COMPANY, INC.

       Third-Party Plaintiff,

v.

JOHNS MANVILLE, PATWOOD ROOFING COMPANY, JOHN DOES 1-100 (representing contractors, subcontractors, individually or as companies; engineers individually or as companies; architects individually or as companies; manufactures or fictitiously named individuals; ABC CORP. (1-100) fictitiously named entities,

       Third-Party Defendants.

The Plaintiff, VIZCAYA CONDOMINIUM ASSOCIATION, INC., by way

of Complaint against the Defendants, NORTHFIELD MASS ASSOCIATES,

L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM

HOMES, LLC; MILLENIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES,

INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; ACIES GROUP, LLC.; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY, INC.; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE, INC., a/k/a BEST GATE AND FENCE OF NJ; C&S FOUNDATIONS, INC.; CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC., A/K/A CLEM'S CARFARO'S ORNAMENTAL IRON WORKS INC.; CONSTANT AIR, a/k/a CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.; DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE, INC.; DUBROW'S NURSERIES, INC.; FM HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE LLC;  HARMONY HEATING CORP.; JAN FENCE, INC.; M&S BUILDERS, LLC, a/k/a MS BUILDERS AND DEVELOPERS LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION; PRESTIGE PLUMBING, INC., a/k/a PRESTIGE PLUMBING AND HEATING CO., INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT CONTRACTING LLC; SJ CARNEY ROOFING COMPANY, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE & MASONRY CORP.; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP., VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC; D. LOUREIRO MASONRY CONTRACTOR,INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS,

INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR,INC.; ARCO AIR CONDITIONING,INC.; MG HVAC,LLC; YEREVAN CORP.; IVLD,LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; JAMES PULEO; RANDY WEATHERLY; DAVID PANTIRER; DHNS ENGINEERING, INC.; JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies), JOHN DOES 21-30 (representing engineers individually or as companies); JOHN DOES 31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60)fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities; JOHN DOE BROKERS/PRODUCERS (61-80) fictitiously named individuals and ABC CORP. BROKERS/PRODUCERS (11-30) fictitiously named entities, ABC CORP. (31-40) fictitiously named entities, JOHN DOE BOARD MEMBERS (1-25)fictitiously named individuals, says as follows:

7

**THE PARTIES**

1.     The Defendant, NORTHFIELD MASS ASSOCIATES, L.L.C., a New Jersey limited liability company having its principal office at 16 Microlab Road, Suite A, Livingston, New Jersey 07039, was/is engaged in the business of real estate development, construction, marketing, management and other related activities and is the developer/condominium sponsor of approximately 18.4431 acres of land located in the Township of West Orange, in Essex County, New Jersey (referred to herein as the "Property" or "Condominium").

2.     The Defendant, BNE INVESTORS VII, L.L.C., Managing Member of the Defendant, NORTHFIELD MASS ASSOCIATES, L.L.C., having an office at 16 Microlab Road, Suite A, Livingston, New Jersey 07039, was/is engaged in the business of real estate development, construction, marketing, management and other related activities in connection to the Property or Condominium.

3.     The Defendant, MILLENNIUM HOMES, having an office at 16 Microlab Road, Suite A, Livingston, New Jersey 07039, was/is engaged in the business of real estate development, construction, marketing, management and other related activities in connection to the Property or Condominium.

4.     The Defendant, MILLENNIUM HOMES, L.L.C., having an office at 16 Microlab Road, Suite A, Livingston, New Jersey 07039, was/is engaged in the business of real estate development,

8

construction, marketing, management and other related activities in connection to the Property or Condominium.

5.    The Defendant, MILLENNIUM HOMES, INC., upon information and belief having an office at 16 Microlab Road, Suite A, Livingston, New Jersey 07039, was/is engaged in the business of real estate development, construction, marketing, management and other related activities in connection to the Property or Condominium.

6. The Defendants, BNE ASSOCIATES, having an office at 16 Microlab Road, Suite A, Livingston, New Jersey 07039, was/is engaged in the business of real estate development, construction, marketing, management and other related activities in connection to the Property or Condominium.

7. The Defendant, BNE ASSOCIATES, INC., having an office at 16 Microlab Road, Suite A, Livingston, New Jersey 07039, was/is engaged in the business of real estate development, construction, marketing, management and other related activities in connection to the Property or Condominium.

8. The Defendant, BNE Real Estate Group, having an office at 16 Microlab Road, Suite A, Livingston, New Jersey 07039, was/is engaged in the business of real estate development, construction, marketing, management and other related activities in connection to the Property or Condominium.

9

9. The Defendant, BNE REAL ESTATE GROUP, LLC, having an office at 16 Microlab Road, Suite A, Livingston, New Jersey 07039, was/is engaged in the business of real estate development, construction, marketing, management and other related activities in connection to the Property or Condominium.

10.   The Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, INC.; MILLENNIUM HOMES, LLC; BNE ASSOCIATES; BNE ASSOCIATES, INC; BNE REAL ESTATE GROUP; and BNE REAL ESTATE GROUP, LLC; (collectively the "Developer/Condominium Sponsor") and the individual members of the organizations at all times acted in concert as the Sponsor, Developer and General Contractor for Vizcaya, a Condominium.

11.   The Developer/Condominium Sponsor in turn entered into contracts or agreements with various persons and entities in order to construct, manage, develop and operate Vizcaya, a Condominium. The Developer/Condominium Sponsor has in turn identified to the Plaintiff herein a listing of those persons and entities who performed work on the construction, development and operation of Vizcaya, a Condominium.  The Plaintiff is a third-party beneficiary of the contracts or agreements entered into between the Developer/Condominium Sponsor and these persons and/or entities as set forth herein.

12. Defendant, ACIES  GROUP, LLC., was  a  subcontractor retained for installation of stone, stucco, building façade work

10

at Vizcaya Condominium Association, Inc. ACIES GROUP, LLC'S business address is 1275 Bloomfield Ave., Building 9, Unit 78, Fairfield, New Jersey 07004.

13. Defendant, ACROW CORPORATION OF AMERICA, was a subcontractor retained for pedestrian bridge work at Vizcaya Condominium Association, Inc. ACROW CORPORATION OF AMERICA'S business address is 181 New Road, Suite 202, Parsippany, New Jersey 07054.

14. Defendant, ALL STATE CONSTRUCTION COMPANY, INC. was a subcontractor retained for waterproofing work at Vizcaya Condominium Association, Inc. ALL STATE CONSTRUCTION COMPANY, INC.'S business address is 1165 Haddon Ave., Camden, New Jersey 08108.

15. Defendant, AS BARLIN ASSOCIATES, INC., was a subcontractor retained for fire sprinkler system work at Vizcaya Condominium Association, Inc. AS BARLIN ASSOCIATES, INC.'S, business address is 163 Beaverbrook Rd., Lincoln Park, New Jersey 07035.

16. Defendant, BEST GATE & FENCE, a/k/a BEST GATE AND FENCE OF NJ, INC. was a subcontractor retained for fencing at Vizcaya Condominium Association, Inc., BEST GATE & FENCE, a/k/a BEST GATE AND FENCE OF NJ, INC.'S business address is 184 South Livingston Ave, Suite 9-301, Livingston, New Jersey 07039.

11

17. Defendant, C & S FOUNDATIONS, INC. was a subcontractor retained for the retaining wall work at Vizcaya Condominium Association, Inc., C & S FOUNDATIONS, INC.'S business address is 81 Dock Ave., Waretown, New Jersey 08758.

18. Defendant, CAPORASO EXCAVATING, INC., was a subcontractor retained for excavation site work at Vizcaya Condominium Association, Inc. CAPORASO EXCAVATING, INC.'S business address is 944 Savitt Place Union, New Jersey 07083.

19. Defendant, CLEM'S ORNAMENTAL IRON WORKS, INC., a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS INC. was a subcontractor retained for railing work at Vizcaya Condominium Association, Inc. CLEM'S ORNAMENTAL IRON WORKS, INC. a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC.'S business address is 110 Eleventh Street, Piscataway, New Jersey 08854.

20. Defendant, CONSTANT AIR, a/k/a CONSTANT AIR SERVICES LLC was a subcontractor retained for HVAC work at Vizcaya Condominium Association, Inc. CONSTANT AIR, a/k/a CONSTANT AIR SERVICES LLC'S business address is 755 Route 565 Unit 1, Augusta, New Jersey 07822.

21. Defendant, DAN'S HEATING & AIR CONDITIONING, INC., was a subcontractor retained for HVAC work at Vizcaya Condominium Association, Inc.  DAN'S HEATING & AIR CONDITIONING, INC.'S

12

business address is 133 Lawrence Street, New Brunswick, New Jersey 08901-3162.

22.   Defendant, DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE, INC. was a subcontractor retained for concrete patios at Vizcaya Condominium Association, Inc.  DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE, INC.'S business address is 43 Cedar Grove Rd., Toms River, New Jersey 08753.

23.   Defendant, DUBROW'S NURSERIES, INC., was a subcontractor retained for landscape/design work at Vizcaya Condominium Association, Inc.  DUBROW'S NURSERIES, INC.'S, business address is 251 W Northfield Rd., Livingston, New Jersey 07039.

24.   Defendant, FM HOME IMPROVEMENT, INC., was a subcontractor retained for roofing work at Vizcaya Condominium Association, Inc.  FM HOME IMPROVEMENT, INC.'S, business address is 3125 State Route 10, Denville, New Jersey 07834.

25.   Defendant, FULLERTON GROUNDS MAINTENANCE LLC was a subcontractor retained for planting work at Vizcaya Condominium Association, Inc.  FULLERTON GROUNDS MAINTENANCE LLC'S business address is 36 Berkshire Valley Road, Kenvil, New Jersey 07847.

26.   Defendant, HARMONY HEATING CORP., was a subcontractor retained for HVAC work at Vizcaya Condominium Association, Inc. HARMONY HEATING CORP.'S business address is 129 Hibernia Ave., Rockaway, New Jersey 07866.

27. Defendant, JAN FENCE, INC., was a subcontractor retained for fence work at Vizcaya Condominium Association, Inc. JAN FENCE, INC.'S business address is 4 Industrial Road, Pequannock, New Jersey 07440.

28. Defendant, M & S BUILDERS, LLC a/k/a MS BUILDERS AND DEVELOPERS, LLC was a subcontractor retained for framing work at Vizcaya Condominium Association, Inc. M & S BUILDERS LLC, a/k/a MS BUILDERS AND DEVELOPERS, LLC'S business address is 17 Oakwood Drive, Woodcliff Lake, New Jersey 07677.

29. Defendant, MOBILITY ELEVATOR & LIFT CO., was a subcontractor retained for elevator work at Vizcaya Condominium Association, Inc. MOBILITY ELEVATOR & LIFT CO.'S business address is 18 Columbia Turnpike, Suite 200, Florham Park, New Jersey 07932-2266.

30. Defendant, MONTE BELOS CONSTRUCTION, INC., was a subcontractor retained for framing work at Vizcaya Condominium Association, Inc. MONTE BELOS CONSTRUCTION, INC.'S business address is 1831 Kendrick Street Philadelphia, Pennsylvania 19152-1833.

31. Defendant, NK CONSTRUCTION LLC, was a subcontractor for exterior rails at Vizcaya Condominium Association, Inc. NK CONSTRUCTION, LLC'S business address is 153 Lund Ave., Edison, New Jersey 08820.

14

32.   Defendant, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE PLUMBING AND HEATING CO. INC, was a subcontractor retained for plumbing work at Vizcaya Condominium Association, Inc. PRESTIGE PLUMBING, INC., a/k/a PRESTIGE PLUMBING AND HEATING CO. INC.'S business address is 1040 Route 10 West, Suite 101, Randolph, New Jersey 07869.

33.   Defendant, RB CONTRACTORS, INC., was a subcontractor retained for window installation work at Vizcaya Condominium Association, Inc. RB CONTRACTORS, INC.'S, business address is 1889 Route 9, Suite 26, Toms River, New Jersey 08755.

34.   Defendant, RITEWAY CONSTRUCTION, INC., was a subcontractor retained for curb/sidewalk work at Vizcaya Condominium Association, Inc.   RITEWAY CONSTRUCTION, INC.'S business address is 43 Ertle Ave., Spotswood, New Jersey 08884.

35.   Defendant, ROMITCH, INC., was a subcontractor retained for pool work at Vizcaya Condominium Association, Inc.   ROMITCH, INC.'S business address is 44 Old Matawan Road, Old Bridge 08857.

36.   Defendant, RSR CONTRACTING, LLC., was a subcontractor retained for excavation site work at Vizcaya Condominium Association, Inc. RSR CONTRACTING, LLC'S business address is Centre at Raritan, Ste. A4, 1124 Route 202 in Raritan, New Jersey 08869.

37.   Defendant, SEAL TIGHT, INC., a/k/a SEAL TIGHT CONTRACTING, LLC was a subcontractor retained for waterproofing

15

work at Vizcaya Condominium Association, Inc. SEAL TIGHT, INC., a/k/a SEAL TIGHT CONTRACTING LLC'S business address is 101 Dulles Drive Dumont, New Jersey 07628.

38.   Defendant, SJ CARNEY ROOFING COMPANY was a subcontractor retained for roofing work at Vizcaya Condominium Association, Inc. SJ CARNEY ROOFING COMPANY'S business address is 76 Ashland Ave., West Orange, New Jersey 07052.

39.   Defendant, SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED was a subcontractor retained for excavation sitework at Vizcaya Condominium Association, Inc. SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED'S business address is 241 Jefferson St., Apt 1, Newark, New Jersey 07104.

40.   Defendant, SUSSEX COUNTY CONCRETE & MASONRY CONTRACTORS, CORP. was a subcontractor retained for footings, sidewalks, retaining wall, and bridge at Vizcaya Condominium Association, Inc. SUSSEX COUNTY CONCRETE & MASONRY CONTRACTORS, CORP.'S business address is 118 Route 23 North Hamburg, New Jersey 07419.

41.   Defendant, TEKCON CONSTRUCTION, INC., was a subcontractor retained for stucco work at Vizcaya Condominium Association, Inc. TEKCON CONSTRUCTION, INC.'S business address is 262 Bennetts Lane, Somerset, New Jersey 08873.

42.   Defendant, THOMAS CLARK FIBERGLASS LLC, was a subcontractor for balconies at Vizcaya Condominium Association

16

Inc, THOMAS CLARK FIBERGLASS LLC'S business address is 145 Old Halfway Road, Barnegat, New Jersey 08005.

43.   Defendant, THYSSENKRUPP ELEVATOR CORP., was a subcontractor retained for elevator work at Vizcaya Condominium Association, Inc. THYSSENKRUPP ELEVATOR CORP.'S business address is C/O: Prentice Hall Corp. Systems, Princeton South Corporate Center Suite 160, 100 Charles Ewing Blvd., Ewing, New Jersey 08628.

44.   Defendant, VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC was a subcontractor retained for deck, balcony and stone work at Vizcaya Condominium Association, Inc., VERSATILE SHADE SYSTEMS, L.L.C. business address was 18 Brenton Harbors Drive, Toms River, New Jersey 08753 and VSS CONSTRUCTION, LLC'S business address is 35 Beverly Rd., Springfield, New Jersey 07081,

45.   Defendant, D. LOUREIRO MASONRY CONTRACTOR, INC., was a subcontractor retained for installation of stone, stucco, building façade work at Vizcaya Condominium Association, Inc., whose business address is 39 Marne Street, Newark, New Jersey 07105.

46.   Defendant, JHB CONTRACTORS, LLC, was a subcontractor retained for installation of stone, stucco, building façade work at Vizcaya Condominium Association, Inc., whose business address is 53 South Street, Newark, New Jersey 07102.

47.   Defendant, AJILIA CONTRACTORS, was a subcontractor retained for installation of stone, stucco, building façade work

17

at Vizcaya Condominium Association, Inc., whose is business address is 53 South Street, Newark, New Jersey 07102.

48. Defendant, TERINO STUCCO, LLC, was a subcontractor retained for installation of stone, stucco, building façade work at Vizcaya Condominium Association, Inc., whose business address is 43 Sherman Place, Clifton, New Jersey 07011.

49. Defendant, ALL STATE RESTORATION, INC; was a subcontractor, retained by developer/condominium sponsor to perform work at Vizcaya Condominium Association, Inc., whose business address is 23 Brewster Avenue, Ridgefield Park, New Jersey 07660.

50. Defendant, BLUE LINE DRYWALL AND BUILDER, INC; was a subcontractor, retained by developer/condominium sponsor to perform work at Vizcaya Condominium Association, Inc., whose business address is 2300 U.S. Route 1, North Brunswick, New Jersey 08902.

51. Defendant, COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; was a subcontractor, retained by developer/condominium sponsor to perform work at Vizcaya Condominium Association, Inc., whose business address is 100 Lake Drive, East Windsor, New Jersey 08520.

52. Defendant, JHC FIRE CONTAINMENT SOLUTIONS, INC. D/B/A JHC FIRE STOP, INC.; was a subcontractor, retained by developer/condominium sponsor to perform work at Vizcaya

18

Condominium Association, Inc., whose business address is 52 Pipers Hill Road, Wilton, Connecticut 06897.

53. Defendant, JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; was a subcontractor, retained by developer/condominium sponsor to perform work at Vizcaya Condominium Association, Inc., whose business address is 23 Taylortown Road, Montville, New Jersey 07045.

54. Defendant, SYNTHETIC STONE, INC; was a subcontractor, retained by developer/condominium sponsor to perform work at Vizcaya Condominium Association, Inc., whose business address is 301 N. 7th Avenue, Evansville, Indiana 47710.

55. Defendant, CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C., having its principal office at 100 Matawan Road, Matawan, New Jersey 07747 was/is responsible for the architectural plans used in the planning, development, construction and/or repair of the property within Vizcaya Condominium Association, Inc.

56. Defendant, LESSARD DESIGN, INC., having its principal office at 8521 Leesburg Pike #700, Vienna, Virginia 22182 was/is responsible for the architectural plans used in the planning, development, construction and/or repair of the property within Vizcaya Condominium Association, Inc.

57. Defendant, LESSARD URBAN, INC., having its principal office at 8521 Leesburg Pike #700, Vienna, Virginia 22182 was/is responsible for the architectural plans used in the planning,

19

development, construction and/or repair of the property within Vizcaya Condominium Association, Inc.

58. Defendant, A&S COMFORT AIR, INC., was a subcontractor retained for HVAC work at Vizcaya Condominium Association, Inc. A&S Comfort Air, Inc., whose business address is 26 Marsad Drive Old Bridge, New Jersey 08857.

59. Defendant, ARCO AIR CONDITIONING, INC., was a subcontractor retained for HVAC work at Vizcaya Condominium Association, Inc. Arco Air Conditioning, Inc., whose business address is 129 Community Circle Old Bridge, New Jersey 08857.

60. Defendant, MG HVAC, LLC, was a subcontractor retained for HVAC work at Vizcaya Condominium Association, Inc.  MG HVAC, LLC, whose business address is 356 Hall Avenue Perth Amboy, New Jersey 08861.

61. Defendant, YEREVAN CORP., was a subcontractor retained for HVAC work at Vizcaya Condominium Association, Inc., whose business address is 77 Winding Wood Drive, Apartment 4-A Sayreville, New Jersey 08872.

62. Defendant, IVLD, LLC., was a subcontractor retained for HVAC work at Vizcaya Condominium Association, Inc., whose business address is 1302 Stonebridge Circle, Helmetta, New Jersey 08828.

63. Defendant, NORTH HVAC, INC., was a subcontractor retained

20

for HVAC work at Vizcaya Condominium Association, Inc., whose business address is 1302 Stonebridge Circle, Helmetta, New Jersey 08828.

64. Defendant, MONAIR, INC., was a subcontractor retained for HVAC work at Vizcaya Condominium Association, Inc., whose business address is 40 Stoney Hill Road, Jamesburg, New Jersey 08831.

65. Defendant, TRI-STATE GUNITE, LP, was a subcontractor retained for pool work at Vizcaya Condominium Association, Inc., whose business address is 101 Sterling Mine Road, P.O. Box 147, Sloatsburg, New York 10974.

66. Defendant, MERKEL REBAR, INC., was a subcontractor retained for pool work at Vizcaya Condominium Association, Inc., whose business address is 1203 South Reading Avenue, Boyertown, Pennsylvania 19512.

67. Defendant, RAYMOND POOL PLASTERING, was a subcontractor retained for pool work at Vizcaya Condominium Association, Inc., whose business address is 20 Butternut Road, Vernon, New Jersey 07462.

68. Defendant, JOHNS MANVILLE, INC. was the manufacturer of the roofs installed by SJ Carney and was also involved with the installation of the roofs at the subject development. JOHNS MANVILLE has a business address at 33 Liddle Ave in Edison, New Jersey 08837.

21

69. Defendant, PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY, installed roofing at the subject development. PATWOOD ROOFING COMPANY has a business address of 3 Peckman Road in Little Falls, New Jersey 07424.

70. Defendant, STAKPOL, LLC, installed stucco and exterior molding at the subject development. STAKPOL, LLC has a business address of 8 Yorkshire Place, Parlin, New Jersey 08859.

71. Defendant, V&V GENERAL CONSTRUCTION, installed/repaired stucco and the expansion joint at the subject development. V&V GENERAL CONSTRUCTION has a business address of 170 Harrison St., Bloomfield NJ 07003.

72. Defendant, FM CONSTRUCTION GROUP, LLC, installed/repaired the expansion joint at the subject development. FM CONSTRUCTION GROUP, LLC has a business address of 144 North Clinton Street, 1st Floor, East Orange, NJ 07017.

73. Defendant, AMERICAN PANEL TEC, installed/supplied/manufacturer wall panels at the subject development. AMERICAN PANEL TEC has a business address of P.O. Box 70, 1640 New Market Avenue Bldg. 1A, South Plainfield, New Jersey 07080.

74. Defendant, OASIS GENERAL CONSTRUCTION, installed/repaired stucco and concrete at the subject development. OASIS GENERAL CONSTRUCTION has a business address of 625 N. 9th St. Newark NJ.

75.    Defendant,    RB    CARPENTRY    BUILDERS,    INC., installed/repaired stucco and concrete at the subject development. RB CARPENTRY BUILDERS, INC. has a business address of 1189 Route 9, Suite 26, Toms River NJ 08755.

76. Defendant, GALE ASSOCIATES, INC., provided construction and design services at the subject development. GALE ASSOCIATES, INC. has its principal place of business located at 800 Corporate Drive, Suite 301 in Stafford, Virginia 22554 and is licensed to conduct business in New Jersey.

77. Defendant, CUSTOM STEEL CONTRACTORS, INC., installed or supplied wall panels and/or performed other work at the subject development. CUSTOM STEEL CONTRACTORS, INC. has a place of business at 100A Hackensack Avenue in South Kearny, New Jersey 07032.

78.  Defendant, SYSTEM ERECTORS, LLC, installed or supplied wall panels and/or performed other work at the subject development. SYSTEM ERECTORS, LLC has a place of business at 295 Princeton Hightstown Road in West Windsor, New Jersey 08850.

79.  Defendant, CONCRETE SYSTEMS, LLC, installed or supplied wall panels and/or performed other work at the subject development. CONCRETE SYSTEMS, LLC has a place of business at 300 Wilson Avenue in Newark, New Jersey 07105.

80.    Defendant    PERIN    CONSTRUCTION    CORPORATION, installed/repaired roofs and related construction materials at the subject development.  PERIN CONSTRUCTION CORPORATION was dissolved

23

in 2020, but still has a listed business address of P.O. Box 756, Chester, NJ 07930. Perin's president, Liliane Perin, has an address of 23 Chesterwoods Drive, Chester, NJ 07930. The current listed agent for Perin Construction Corporation is "Corporation Service Company" Princeton South Corporate Center, Suite 160, 100 Charles Ewing Blvd, Ewing, NJ 08628.

81. Defendant JAMES PULEO was appointed by the Developer/Condominium Sponsor to serve as a Trustee on the Board of Trustees for the Vizcaya Condominium Association Inc.

82. Defendant RANDY WEATHERLY was appointed by the Developer/Condominium Sponsor to serve as a Trustee on the Board of Trustees for the Vizcaya Condominium Association Inc.

83. Defendant DAVID PANTIRER was appointed by the Developer/Condominium Sponsor to serve as a Trustee on the Board of Trustees for the Vizcaya Condominium Association Inc.

84. Defendant, DHNS Engineering, Inc. designed repair plans and inspected repairs of AMV and has a business address of 114 Essex Street, Suite 301, Rochelle Park, New Jersey, 07662.

85. Defendants, ABC CORP. (31-40) fictitiously named entities are entities that were aware of construction defects and failed to advise the Condominium Association and/or take action to protect the interests of the Condominium Association.

86. Defendants, JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies) were and are

24

contractor and/or subcontractor corporations, partnerships, joint ventures, limited liability companies, sole proprietorships, and individuals, who performed planning, development, construction and/or repair in connection with the Condominium.

87. The Defendants, JOHN DOES 21-30 (representing engineers individually or as companies) were and are engineers, including corporations, partnerships, joint ventures, limited liability companies, sole proprietorships, and individuals, who designed or utilized the designs of others in planning, developing, supervising and constructing the Condominium.

88. The Defendants, JOHN DOES 31-40 (representing architects individually or as companies) were and are architects, including corporations, partnerships, joint ventures, limited liability companies, sole proprietorships, and individuals, who designed or utilized the designs of others in planning, developing, supervising and constructing the Condominium.

89. The Defendants, JOHN DOES 41-50 (representing manufacturers) were and are manufacturers of materials used in connection with the construction of the Condominium.

90. The Defendants, JOHN DOES (51-60) and ABC CORP. (1-10) are fictitiously named Defendants whose identities are unknown and who are responsible for the planning, development, construction and repair of the Condominium and/or are the successors, assigns, alter egos and/or entities of the aforementioned Defendants.

25

91. The Defendants, JOHN DOE BROKERS/PRODUCERS (61-80) and ABC CORP. BROKERS/PRODUCERS (11-30) are fictitiously named Defendants whose identities are unknown and who are responsible for the procuring, issuing and writing of insurance for the Defendants named in this complaint, including all contractors/subcontractors, and/or are the successors, assigns, alter egos and/or entities of the aforementioned Defendants.

92. The Defendants, JOHN DOE BOARD MEMBERS (1-25) are fictitiously named individuals whose identities are unknown and who were appointed to the Board of Trustees of the Association by the Developer/Sponsor.

## BACKGROUND COMMON TO ALL COUNTS

93. The Developer/Condominium Sponsor issued the original Vizcaya Condominium Public Offering Statement on or about March 5, 2007 (the **"POS"**).

94. The Developer/Condominium Sponsor promised to construct and develop a luxury community consisting of one hundred twenty-seven (127) condominium units (46 townhome styles units and 81 units located in a mid-rise with two towers), a tennis court, 2 pools, recreational facilities and on-site parking for an aggregate of two hundred fifteen (215) cars (collectively hereinafter referred to as **"The Development"**).

26

95. The Developer/Condominium Sponsor exclusively developed, marketed, managed, and operated the Vizcaya Development. The Developer/Condominium Sponsor controlled the Board of the Vizcaya Condominium Association, Inc. (the **"Condominium Association"**), through the conveyance of seventy-five (75%) percent of the units to owners other than the Developer/Condominium Sponsor.

96. The Developer/Condominium Sponsor appointed the individuals JAMES PULEO, RANDY WEATHERLY and DAVID PANTIRER to serve in a fiduciary capacity as members of the Association Board of Trustees.

97. JAMES PULEO was the Vice President of Design and Construction for BNE Associates, BNE Associates, Inc., BNE Real Estate Group LLC., Millennium Homes, Inc./Millennium Homes/Millennium Homes LLC a Division of BNE Real Estate Group LLC.

98. RANDY WEATHERLY was the Construction Project Manager for Millennium Homes/Millennium Homes LLC a Division of BNE Real Estate Group LLC and was also a supervisor for Northfield Mass LLC.

99. DAVID PANTIRER upon information and belief is an inhouse attorney and is a principal in BNE Associates, BNE Associates, Inc., BNE Real Estate Group LLC., and/or Millennium Homes, Inc./Millennium Homes/Millennium Homes LLC a Division of BNE Real Estate Group LLC.

27

100. The Association has discovered that, during the time of Developer/Condominium Sponsor control of the Board of Trustees, the Developer/Condominium Sponsor and the Developer/Condominium Sponsor appointed Trustees failed to discover and/or maintain and/or correct various defects and deficiencies in the design and construction of the Common Elements at Vizcaya Condominium Association, Inc.

101. The Developer/Condominium Sponsor appointed board members served on the Board of Trustees of the Association until 75% of the units were conveyed to individual unit owners.

102. Pursuant to the New Jersey Planned Real Estate Development Full Disclosure Act, N.J.S.A. 45:22A-21 et seq. ("**PREDFDA**"), the Developer/Condominium Sponsor registered the original POS with the New Jersey Department of Community Affairs ("**DCA**"), effective on or about March 5, 2007, and, thereafter, commenced offering units for sale.

103. Pursuant to the POS, upon becoming record owner of a Condominium Unit, each owner acquired a beneficial interest in the common elements and additionally becomes a member of the Condominium Association.

104. The Condominium Association is a New Jersey non-profit corporation established pursuant to the New Jersey Non-Profit Corporation Act, N.J.S.A. 15A:1-1 et seq.

28

105. The Condominium Association once controlled by unit owners other than the Developer/Condominium Sponsor investigated both the financial operation of the Condominium Association while controlled by the Developer/Condominium Sponsor and investigated through experts the construction of the common and limited common elements of the Development.

106. As a result, the Condominium Association understands that there are significant construction defects and deficiencies in the construction of the common elements, including but not limited to the roofs, façade (including the collapse of a large section of the façade), siding, flashings, balconies/patios, fire sprinkler system, the pool HVAC system, elevators, tennis courts, roadways, sidewalks, site improvements, recreational and pedestrian walkways.

107. Further, the Condominium Association understands that the Developer/Condominium Sponsor failed to properly contribute to the Association's capital reserves, failed to contribute sufficiently to the deferred maintenance accounts and failed to pay all funds required of it to the Association while it controlled the affairs of the Condominium Association and while it retained units for sale in the ordinary course.

108. At all times relevant the Developer/Condominium Sponsor retained at least one seat on the Condominium Association's Board of Trustees.

29

109. The Condominium Association has presented all of its concerns and issues to the Developer/Condominium Sponsor's representatives and requested that they address the construction and financial issues.

110. The Developer/Condominium Sponsor's representatives have promised to resolve some of the financial issues and promised to repair some of the construction defects notwithstanding their dispute of other larger issues.

111. The Developer/Condominium Sponsor's representatives however have not followed through with any of their promises.

112. The Developer/Condominium Sponsor and each and every one of its respective subcontractors and vendors have failed to provide what they promised to the Plaintiffs, whether it be in the construction and development of the common elements or to their financial promises.

113. The Defendants collectively are guilty of negligently, carelessly and recklessly planning, managing, designing, developing, constructing, repairing and/or maintaining the buildings, facades, roofs and common elements with resultant consequential damages including, but not limited to failure of siding on buildings, roofs and water infiltration to various units.

114. The Developer/Condominium Sponsor and Developer Appointed Board Members knew or should have known of the

30

aforementioned failures both in their collective actions and those of their contractors or vendors.

115. The Developer/Condominium Sponsor, Developer Appointed Board Members and ABC CORP. (31-40) fictitiously named entities were on notice for example of a significant defect in the construction of the exterior siding of the buildings but did not correct the issue or fully disclose the extent of the issues to the Association.  Rather, the Developer/Condominium Sponsor continued to sell units without disclosing, ABC CORP. (31-40) fictitiously named entities continued its services without disclosing the issues or demanding repairs be performed, and the Developer Appointed Board Members continued to sit on the Board of the Association without disclosing the issues or demanding that the defects be properly repaired.

116. The Plaintiff Association brings this action in its own right as to the common and limited common elements as well as in connection with the financial issues relating to the Association.

117. Millennium Homes, LLC, Millennium Homes, Inc. and Millennium Homes are a division of BNE Associates Inc. and/or BNE Real Estate Group, LLC.

118. Defendant Northfield Mass Associates, L.L.C. entered into subcontractor agreements with numerous defendant subcontractors that contained clauses authorizing BNE Associates

31

also known as BNE Real Estate Group LLC (collectively hereinafter "BNE") to administrate items such as insurance and benefits.

119. Intentionally Omitted.

120. Intentionally Omitted.

121. Intentionally Omitted.

122. Intentionally Omitted.

123. Intentionally Omitted.

124. Intentionally Omitted.

125. Intentionally Omitted.

126. Intentionally Omitted.

127. BNE was paid in excess of four million dollars to administer and perform marketing, management, supervision, project management, manage insurance requirements, monitor subcontractor agreements, monitor and process payments to subcontractors, investigate failures to the building façade and engage engineers to perform inspections of the building facades for the Vizcaya project.

128. The Vice President of Construction for Millennium Homes was involved with subcontractor certificates of insurance. The same individual executed the subcontract agreement with defendant Acies Group LLC.

129. The insurance broker for defendant Acies Group LLC had direct communication with the Chief Financial Officer of BNE relating to the required insurance policies.

130. A representative of BNE made a demand to defendant Acies Group LLC to have the insurance policy endorsement page to include BNE Associates and its affiliates and to add the project name.

131. The Chief Financial Officer of BNE was directly involved in the reserve schedule computation for the plaintiff Association.

132. The Chief Financial Officer of BNE was directly involved in what payments would be remitted by the Developer/Condominium Sponsor to the plaintiff Association.

133. The Chief Financial Officer of BNE was directly involved in the payments that would be remitted to the defendant Acies Group LLC.

134. BNE had an internal representative directly involved in the payments to be remitted to defendant Acies Group LLC.

135. The Vice President of Construction of BNE wrote to the Chief Financial Officer of BNE discussing a waterproofing consultant and referred to the issue "for the waterproofing, a condo association favorite."

136. On October 7, 2013 a jobsite Accident Investigation Report was completed indicating "stone veneer came loose and fell down to ground"

137. In 2013 the Engineering firm of Simpson Gumpertz and Heger ("SGH") was requested by BNE Real Estate Group ("BNE") to perform inspections and evaluations of the plaintiff Association's exterior stone façade.

33

138. A contract between SGH and BNE was executed on October 10, 2013 by Randy Weatherly, Project Manager.  (See NMA 99862-99866).

139. Invoices were issued by SGH to Randy Weatherly, Construction Project Manager, BNE Real Estate Group, for "Field Testing and Stone Veneer Dislodgment Investigation" work performed October 5, 2013 to November 29, 2013. (See NMA 119500-119505).

140. SGH issued a draft report (see NMA 99902-99917 [November 13, 2013 Version] & NMA 100002-100012 [November 15, 2013 Version]) in November to Fred A. Iskowitz, Esq.

141. The draft report indicates stone veneer fell off the building on October 7, 2013.

142. While onsite SGH representatives met with representative of BNE.

143. The draft report's findings included: corroded lath; voids; lack of mortar; and thickness of mortar at the back of stone panels 0 to .375 inches.

144. Pursuant to the draft report, SGH performed 34 exploratory openings with only 1 above first floor "where back-up system is constructed of light-gauge stull walls."

145. The SGH draft report indicates "Based on the results of our probing campaign, we also believe that corroded lath is a systemic condition that may affect the long-term performance of the cladding system."

146. The SGH draft report indicates "Based on the results of our probing campaign, we believe that presence of voids is a systemic condition that may affect both the short- and long-term performance of the cladding system."

147. The SGH draft report recommends performing "additional probing and/or testing of the cladding system above the first floor to review in more detail the as-built condition of the cladding elements (our investigation in this area was limited). Retain a structural engineer registered in the State of New Jersey to design the layout (and perform) the probes/tests."

148. SGH notes in preparation for a 10/23/13 conference call (SGH 277) indicates that drilling holes will not stop water corrosion of mesh; "We won't be able to give you a clean bill of health"; and "Best option to rear down and rebuild."

149. Nonetheless, on or about 2014 BNE engaged the services of a structural engineer, DHNS Engineering, Inc., to prepare a fix via fasteners for areas where stone is installed over concrete.

150. Via letter dated March 29, 2014, DHNS Engineering, Inc. wrote to James Puleo, Vice President of Construction, BNE Associates & its Affiliates, Northfield Mass Associates, LLC, copying Randy Weatherly, that the new fasteners were installed per the plan.

151. BNE failed to take further action to inspect and/or remediate the deficiencies of the facade of the plaintiff

35

Association buildings despite having knowledge of the deficient construction as identified by SGH, the firm engaged by BNE.

152.   The Developer/Condominium Sponsor appointed board members, JAMES PULEO, RANDY WEATHERLY, and DAVID PANTIRER failed in their fiduciary capacity to take any action to compel BNE and any of its related entities to perform further remedial efforts to cure the inherent construction defects discovered by BNE's engineer SGH.

153. BNE failed to disclose the investigations of SGH to the Association.

154. The developer appointed board members in their fiduciary capacity and with their individual knowledge of the Vizcaya project failed to inform the Association of the findings of the SGH investigation and the failure of BNE and its related entities to take any further action to cure the inherent construction deficiencies discovered by BNE's engineering firm SGH.

155. On March 21, 2014 BNE received an opinion letter from their attorney regarding the failing stone façade issue and the steps that can be taken to protect the interests of the Developer.

156. The developer entities did not produce their representative and construction manager for the Vizcaya project, Randy L. Weatherly, for oral deposition until April 20, 2022. (See transcript of Randy Weatherly's deposition dated June 15, 2022.)

157. At his deposition on April 20, 2022, Mr. Weather testified to the following.

158. Mr. Weatherly worked for BNE Associates until November 2015 and for Northfield around the same time.  (See Weatherly dep., T19:21 to T21:25 and T44:5-9.)

159. Mr. Weatherly worked for various entities that changed when he started a new development, but that BNE Associates was also involved in each of the developments until he left in 2015. McIntyre Cert. (See Weatherly dep., T21:10-25.)

160. The involvement of BNE Associates in Vizcaya was limited to insurance, payroll, banking, finance and related matters, and BNE Associates had no involvement with construction issues. (See Weatherly dep., T22: 1-6, T45:6-11, T153:12-25.)

161. BNE Associates performed the same responsibilities for all the entities that Mr. Weatherly worked for. (See Weatherly dep., T45: 6-14.)

162. The physical location and office addresses are the same for Northfield and BNE Associates and the other entities that Mr. Weatherly worked for. All are located at 16 Microlab Road in Livingston, New Jersey 07039. (See Weatherly dep., T22: 7-18, T37:21-25, T38:1-11 and T49:3-11.)

163. The sign on the door to the office space referenced only the name of BNE Associates and none of the other entities that

37

were operating out of the same location. (See Weatherly dep., T49:12-17 and T50:2-5.)

164. At the time of the construction of the Vizcaya development, Howard Schwartz, Larry Pantirer and Alan Pines were the owners and partners of BNE Associates. (See Weatherly dep., T25:9-13 and T34:4-18.)

165. While working at the Vizcaya project, Mr. Weatherly's direct supervisor was Howard Schwartz. (See Weatherly dep., T27:8-10.)

166. James Puleo was the vice president of construction at BNE Associates and his office was located at 16 Microlab Road. (See Weatherly dep., T38-18-25, T39:1-4, T92: 24-25 and T93: 1-22.)

167. Mr. Puleo signed contracts on behalf of Northfield. (See Weatherly dep., T89:12-16 and T92:19-23.)

168. Mr. Weatherly was on the Board of Trustees for the Association because Howard Schwartz and Larry Pantirer told him that he had to be on the Board. (See Weatherly dep., T39, Lines 5-12.)

169. Mr. Weatherly was the Board Secretary for the Association. (See Weatherly dep., T40:1-3.)

170. Howard Schwartz and Larry Pantirer served on the Board at Vizcaya around the time when Mr. Weatherly was a Board Member. (See Weatherly dep., T41:21-25 and T42:1.)

171. While serving on the Vizcaya Board, Mr. Weatherly understood that he had a duty to act in the Association's best interest. (See Weatherly dep., T42:4-7.)

172. "Millennium Homes" was a banner name used at the Vizcaya project and other construction sites where BNE Associates was involved. (See Weatherly dep., T43:5-12 and T4:15-25.)

173. "The BNE Office" was responsible for collecting and reviewing the insurance certificates obtained from subcontractors. (See Weatherly dep., T46:21-25 and T47:1-3.)

174. Contractors seeking payment submitted the invoices to "the BNE Office," which would ultimately issue the checks. (See Weatherly dep., T52:5-21.)

175. All of the checks issued on behalf of Northfield Mass Associates contain the Millennium Homes emblem. (See Weatherly dep., T154: 21-25 to T155:13.)

176. The BNE Associates accounting department handled all the accounting records for the Vizcaya project. (See Weatherly dep., T53:2-21.)

177. Mr. Weatherly's email title block and business cards, which were created by the BNE Associates office, listed Mr. Weatherly as construction project manager for "Millennium Homes a Division of BNE Real Estate Group". (See Weatherly dep., T56:15 to T58:16 and T148:2-5.)

39

178. Mr. Weatherly's business cards indicated his company as "Millennium Homes a Division of BNE Associates." (See Weatherly dep., T146:20 to T:147:6.)

179. The email address used by Mr. Weatherly, @mhomesonsite.com, were provided by the BNE Associates IT department.  (See Weatherly dep., T151:4-21.)

180. Mr. Weatherly and the foremen referred to themselves as "Millennium Homes." (See Weatherly dep., T86:18-21.)

181. Lessard Design, Inc. and Lessard Urban, Inc. addressed letters to Mr. Weatherly as part of BNE Associates. (See Weatherly dep., T95:23-25 to T96:1-13.)

182. Mr. Weatherly would not correct people when they indicated that he was an employee of a company other than Northfield Mass Associates. (See Weatherly dep., T96:19-22.)

183. Some people thought they were dealing with BNE Associates when they were actually dealing with Northfield (See Weatherly dep., T98:2-5.)

184. An employee of Northfield signed a sick day form labeled "BNE Associates/Millennium Homes/Millennium Management Person, Sick, Vacation, Holiday Policy for Field Personnel." (See Weatherly dep., T121:5-24.)

185. Larry Pantirer, as part of the "Ownership," were making construction decisions, which included the decision to paint a weathering bridge. (See Weatherly dep., T124:4-22.)

186. Mr. Weatherly signed a proposal that was in the name of Millennium Homes. (See Weatherly dep., T132:3-24.)

187. An accident report for an injury to Mr. Weatherly's son at Vizcaya, a then employee of Northfield, identified the employer as BNE Associates. (See Weatherly dep., T142:14 to T143:17.)

188. An employee of BNE Associates handled insurance claims and related matters for Northfield. (See Weatherly dep., T143:19-22.)

189. Mr. Weatherly typically used the letterhead for BNE Associates when sending letters out of the shared offices. (See Weatherly dep., T144:5 to T145:10.)

190. Mr. Weatherly was aware that BNE Real Estate Group's website listed Vizcaya under part of its portfolio for marketing reasons. (See Weatherly dep., T146:6-19.)

191. Mr. Weatherly signed a retainer agreement in the name of BNE Real Estate Group which Simpson Gumpertz & Hager, Inc. ("SGH") addressed to him, when BNE Associates was actually the entity that retained SGH to perform inspections and investigation regarding the construction of the buildings at Vizcaya. (See Weatherly dep., T165:1-21.)

192. James Puleo and possibly Howard Schwartz were in contact with SGH and saw the draft report dated November 13, 2013. (See Weatherly dep., T167:10-15 and T171:5-9.)

193. Mr. Weatherly saw the aforesaid draft SGH report and some of the handwritten notes on the report were in fact his comments and notes. (See Weatherly dep., T167:17-23, T168:25 and T169:1-22.)

194. Mr. Weatherly does not believe that a final version of the SGH report was ever issued. (See Weatherly dep., T170:13-16.)

195. Mr. Weatherly never discussed SGH's findings with anyone from SGH, and he is not aware of any communications between Mr. Puleo and other principals of BNE Associates and SGH regarding the findings. (See Weatherly dep., T173:7-25.)

196. James Paleo retained an engineering firm, DHNS Engineering, Inc. ("DHNS"), to design a repair for the stone façade, and he was the primary contact with DHNS who negotiated the agreement. (See Weatherly dep., T174:4-25 to T175:1-2 and T177:9-15.)

197. Marc Pantirer was also involved with the efforts of DHNS at the Vizcaya project. (See Weatherly dep., T177:21-25 to T178:1-16.)

198. "The whole team" at BNE Associates, including the construction team and the sales team as well as Howie Schwartz, Larry Pantirer and James Puleo, were aware that exterior finish insulation system ("EIFS") shapes were being used at Vizcaya. (See Weatherly dep., T181:16-25 to T182:1-13.)

199. Furthermore, in the aforesaid draft report dated November 13, 2013, SGH recommended the following:

- To safeguard against future loading . . ., durability, corrosion, and freeze-thaw effects, rectify the conditions of the Ramset anchors and of the lath, as well as the presence of voids through the entire perimeter of the building below the first floor. Retain a structural engineer registered in the State of New Jersey to design the remedial work.

- To safeguard against the hazards associated with potential for falling stone panels, immediately install protection . . . in all areas accessible by pedestrians or vehicles adjacent to the foundation wall, within the zone of potential influence of the falling stone.

- Perform additional probing and/or testing of the cladding system above the first floor to review in more detail the as-built condition of the cladding elements . . . . Retain a structural engineer registered in the State of New Jersey to design the layout of (and perform) the probes/tests.

(See SGH draft report)

200. NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; JAMES PULEO AND RANDY WEAHTERLY failed to take the action necessary to address the construction deficiencies at Vizcaya in accordance with the recommendations of SGH.

43

### FIRST COUNT
### (BREACH OF CONTRACT)

1. The Plaintiff incorporates herein as if more fully set forth in full the allegations contained in the foregoing paragraphs.

2. At all times relevant hereto, the Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; ACIES GROUP, LLC.; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE INC, a/k/a/ BEST GATE AND FENCE OF NJ, INC.; C & S FOUNDATIONS, INC., CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC. a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC.; CONSTANT AIR, a/k/a CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.; DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE,INC.; DUBROW'S NURSERIES, INC.; FM HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE;  HARMONY HEATING CORP.; JAN FENCE, INC.; M&S BUILDERS, LLC, a/k/a  MS BUILDERS AND DEVELOPERS, LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION, LLC, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE PLUMBING AND HEATING CO. INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT  CONTRACTING LLC; SJ CARNEY ROOFING

44

COMPANY, INC., SJP CONSTRUCTION, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE AND MASONRY CORP; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP., VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC (representing contractors and subcontractors, individually or as companies); D. LOUREIRO MASONRY CONTRACTOR,INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR, INC.; ARCO AIR CONDITIONING, INC.; MG HVAC, LLC; YEREVAN CORP.; IVLD, LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; DHNS ENGINEERING, INC.; JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies), JOHN DOES 21-30

45

(representing engineers individually or as companies); JOHN DOES 31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60) fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities, by their selves and/or through their respective partners, agents, servants, employees and sub-contractors, held themselves and their employees/agents out to the public, to Plaintiff and to the other Defendants as possessing expertise in the field of residential real estate development and represented that they and their respective employees/agents possessed the necessary skill and expertise to design, develop, repair and/or construct the Property.

3.    These Defendants intended that the work they performed was to be primarily for the benefit of the Plaintiff and that such benefit was intended to provide enforceable rights by the Plaintiff.

4.    These Defendants, by their selves and/or through their respective partners, agents, servants, employees and sub-contractors, undertook a contractual duty to design, construct and repair the said improvements in a good and workmanlike manner, and in accordance with the New Jersey Uniform Construction Code, the New Home Warranty and Builders Registration Act, the Hotel and Multiple Dwelling Law, the POS, the Master Deed, By-Laws,

manufacturers' recommendations, industry standards, preliminary and final site plan approvals and/or the plans and specifications.

5.   Upon information and belief, these Defendants expressly and impliedly warranted that the Development would be designed, constructed and repaired in accordance with the New Jersey Uniform Construction Code, the New Home Warranty and Builders Registration Act, the Hotel and Multiple Dwelling Law, the POS, the Master Deed, By-Laws, manufacturers' recommendations, industry standards, preliminary and final site plan approvals and/or the plans and specifications, and would be of good quality and workmanship, free from faults and defects and/or fit for its intended use and purpose.

6.   These Defendants breached their aforesaid contractual obligations and warranties by designing, constructing and/or repairing the Development in a defective manner, in violation of the New Jersey Uniform Construction Code, the New Home Warranty and Builders Registration Act, the Hotel and Multiple Dwelling Law, the POS, the Master Deed, By-Laws, manufacturers' recommendations, industry standards, preliminary and final site plan approvals and/or the plans and specifications, and by the fact that the construction of the Development is/was not of good quality and workmanship, is/was not free from faults and defects and/or is/was not fit for its intended use and purpose.

47

7.    As a result of these Defendants' breaches of contract, the Plaintiff has sustained damages resulting in certain construction defects and damages including but not limited to (a) a substantial and unreasonable risk of physical injury to and/or destruction of the Development's tangible property including, but not limited to, equipment, fixtures, architectural finishes, and mechanical, electrical, structural, and plumbing systems, (b) physical injury to and/or destruction of the Plaintiff's Common Elements, (c) loss of use of tangible property, and/or (d) substantial and unreasonable risk of personal injury.

8.    As a direct and proximate result of the foregoing, the Plaintiff has been and continues to be damaged to an extent not yet fully determined.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; ACIES GROUP, LLC.; MILLENNIUM HOMES; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE INC, a/k/a/ BEST GATE AND FENCE  OF NJ, INC.; C & S FOUNDATIONS, INC., CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC. a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC.; CONSTANT AIR, a/k/a CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.;

48

DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE,INC.; DUBROW'S NURSERIES, INC.; FM HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE; HARMONY HEATING CORP.; JAN FENCE, INC.; M&S BUILDERS, LLC, a/k/a MS BUILDERS AND DEVELOPERS, LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION, LLC, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE PLUMBING AND HEATING CO. INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT CONTRACTING LLC; SJ CARNEY ROOFING COMPANY, INC., SJP CONSTRUCTION, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE AND MASONRY CORP; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP.; VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC; D. LOUREIRO MASONRY CONTRACTOR,INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR, INC.; ARCO AIR CONDITIONING, INC.; MG HVAC, LLC; YEREVAN CORP.; IVLD, LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS

49

MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; DHNS ENGINEERING, INC; JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies), JOHN DOES 21-30 (representing engineers individually or as companies); JOHN DOES 31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60)fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities, their affiliates, successors, and assigns, individually, jointly and severally, for:

a.   Compensatory damages;

b.   Consequential damages;

c.   Incidental damages;

d.   Interest;

e.   Cost of suit;

f.   Attorneys' fees; and

g.   Such other relief as the Court deems just and equitable.

50

## SECOND COUNT
## (BREACH OF WARRANTIES)

1.   The Plaintiff incorporates herein as if more fully set forth in full the allegations contained in the foregoing paragraphs.

2.   At all times relevant hereto, the Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC;  ACIES GROUP, LLC.; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE INC, a/k/a/ BEST GATE AND FENCE  OF NJ, INC.; C & S FOUNDATIONS, INC., CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC. a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC.; CONSTANT AIR, a/k/a  CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.; DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE,INC.; DUBROW'S NURSERIES, INC.; FM HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE;  HARMONY HEATING CORP.; JAN FENCE, INC.; M&S BUILDERS, LLC, a/k/a MS BUILDERS AND DEVELOPERS, LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION, LLC, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE  PLUMBING AND HEATING CO. INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT  CONTRACTING LLC; SJ

CARNEY ROOFING COMPANY, INC., SJP CONSTRUCTION, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE AND MASONRY CORP; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP.; VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC; D. LOUREIRO MASONRY CONTRACTOR,INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR, INC.; ARCO AIR CONDITIONING,INC.; MG HVAC, LLC; YEREVAN CORP.; IVLD, LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; DHNS ENGINEERING, INC; JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies), JOHN DOES 21-30 (representing engineers individually or as companies); JOHN DOES

31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60)fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities, expressly and impliedly warranted that the Development would be constructed and/or repaired in accordance with the New Jersey Uniform Construction Code, the New Home Warranty and Builders Registration Act, the Hotel and Multiple Dwelling Law, the POS, the Master Deed, By-Laws, manufacturers' recommendations, industry standards, preliminary and final site plan approvals and/or the plans and specifications, and would be merchantable, habitable, free of defects, fit for its intended use and purpose, constructed in a workmanlike manner and/or of good quality and workmanship.

3.   By operation of N.J.A.C. 5:26-7.1(b), N.J.A.C. 5:26-7.1(c), N.J.A.C. 5:26-7.2(a), N.J.A.C. 5:26-7.2(b), and N.J.A.C. 5:26-7.3, the Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; ACIES GROUP, LLC.; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE INC, a/k/a/ BEST GATE AND FENCE  OF NJ, INC.; C & S FOUNDATIONS, INC., CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC. a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC. ; CONSTANT AIR, a/k/a

CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.; DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE,INC.; DUBROW'S NURSERIES, INC.; FM HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE; HARMONY HEATING CORP.; JAN FENCE, INC.; M&S Builders, LLC, a/k/a  MS BUILDERS AND DEVELOPERS, LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION, LLC, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE  PLUMBING AND HEATING CO. INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT CONTRACTING LLC; SJ CARNEY ROOFING COMPANY, INC., SJP CONSTRUCTION, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE AND MASONRY CORP; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP.; VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC; D. LOUREIRO MASONRY CONTRACTOR,INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR, INC.; ARCO AIR CONDITIONING, INC.; MG HVAC, LLC; YEREVAN CORP.; IVLD, LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE

54

GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; DHNS ENGINEERING, INC; JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies), JOHN DOES 21-30 (representing engineers individually or as companies);JOHN DOES 31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60)fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities, did expressly warrant: that all work performed by it would be of good quality and free from faults and defects; that all materials supplied and/or provided by it would be of good quality and free from faults and defects; that all work performed and materials provided would be in conformance with representations made by it in connection with the promotion and sale of units in the community as well as in connection with the development; and that all units, interest, and common elements would be fit for their intended use.

4.   The Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE

REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE INC, a/k/a/ BEST GATE AND FENCE  OF NJ, INC.; C & S FOUNDATIONS, INC., CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC. a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC.; CONSTANT AIR, a/k/a  CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.; DE MAC CONCRETE, INC., a/k/a DEMAC  CONCRETE,INC.; DUBROW'S  NURSERIES,  INC.;  FM  HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE;  HARMONY HEATING CORP.; JAN FENCE, INC.; M&S Builders, LLC, a/k/a  MS BUILDERS AND DEVELOPERS, LLC;  MOBILITY  ELEVATOR  &  LIFT  CO.;  MONTE  BELOS CONSTRUCTION, INC.; NK CONSTRUCTION, LLC, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE  PLUMBING AND HEATING CO. INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT  CONTRACTING LLC; SJ CARNEY  ROOFING  COMPANY,  INC.,  SJP  CONSTRUCTION,  INC.;  SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE AND MASONRY CORP; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP  ELEVATOR  CORP.;  VERSATILE  SHADE SYSTEMS,  L.L.C.  a/k/a  V.S.S.,  a/k/a  V.S.S.  LLC,  a/k/a  VSS CONSTRUCTION,  LLC;;  D.  LOUREIRO  MASONRY  CONTRACTOR,INC.;  JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION  &  INSTALLED  PRODUCTS,  LLC  a/k/a  COASTAL  INSULATION

56

CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR, INC.; ARCO AIR CONDITIONING, INC.; MG HVAC, LLC; YEREVAN CORP.; IVLD, LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; DHNS ENGINEERING, INC; JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies), JOHN DOES 21-30 (representing engineers individually or as companies); JOHN DOES 31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60)fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities, their successors and assigns impliedly warranted to the Association that the original buildings and the appurtenances to the common elements were reasonably fit for their intended purposes, merchantable, and habitable, and that the buildings and common element improvements were constructed and/or repaired in accordance with the plans and specifications

57

filed as a matter of public record and generally accepted standards.

5.    The Plaintiff Association collectively relied upon the Defendants' represented superior knowledge and skill all to the Association's great detriment.

6.    The Defendants breached the aforesaid express and/or implied warranties as the Development is/was not so constructed and/or designed and/or repaired; is not fit for its particular purpose; and was not constructed/repaired as designed or in a workmanlike manner resulting in significant construction defects and deficiencies.

7.    As a direct and proximate result of the foregoing, the Plaintiff has sustained costs and damages and has and will in the future be compelled to expend substantial sums of money to complete alter, correct, cure, fix, remedy, rectify, repair, replace, service and adjust those items and conditions requiring same in the common and limited common elements to an extent not yet fully determined.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; ACIES GROUP, LLC.; MILLENNIUM HOMES; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY; AS

58

BARLIN ASSOCIATES, INC.; BEST GATE & FENCE INC, a/k/a/ BEST GATE AND FENCE OF NJ, INC.; C & S FOUNDATIONS, INC., CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC., a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC.; CONSTANT AIR, a/k/a CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.; DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE,INC.; DUBROW'S NURSERIES, INC.; FM HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE; HARMONY HEATING CORP.; JAN FENCE, INC.; M&S Builders, LLC, a/k/a MS BUILDERS AND DEVELOPERS, LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION, LLC, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE PLUMBING AND HEATING CO. INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT CONTRACTING LLC; SJ CARNEY ROOFING COMPANY, INC., SJP CONSTRUCTION, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE AND MASONRY CORP; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP.; VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC; D. LOUREIRO MASONRY CONTRACTOR,INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE

INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR, INC.; ARCO AIR CONDITIONING, INC.; MG HVAC, LLC; YEREVAN CORP.; IVLD, LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; DHNS ENGINEERING, INC.; JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies), JOHN DOES 21-30 (representing engineers individually or as companies); JOHN DOES 31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60)fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities, their affiliates, successors, and assigns, jointly and severally, for:

    a.   Compensatory damages;

    b.   Consequential damages;

    c.   Incidental damages;

    d.   Interest;

    e.   Cost of suit;

    f.   Attorneys' fees; and

g.    Such other relief as the Court deems just and equitable.

### THIRD COUNT
### (NEGLIGENCE)

1.    The Plaintiff incorporates herein as if more fully set forth in full the allegations contained in the foregoing paragraphs.

2.    The Developer/Condominium Sponsor, as Developer and General Contractor either directly or through certain contractors and architects, had a duty to manage, supervise, inspect, develop, construct, and/or improve the Association's buildings and common elements (collectively the "Association's Improvements") free of defects, in accordance with the standards and/or requirements of the plans and/or specifications (the "Specifications") approved by the Township and/or utilized by the Developer/Condominium Sponsor, the Sponsor's Public Offering Statement, the Master Deed, New Jersey's Uniform Construction Code (the "Code"), all applicable state and local codes, regulations and ordinances, industry standards as well as all applicable standards of care (collectively, the "Standards").

3.    The Developer/Condominium Sponsor, as Developer and General Contractor had a duty to supervise the contractors, professionals, its and their employees and agents that performed work in regard to the Association's Improvements.

61

4.    All Defendants failed to supervise, inspect, develop, construct, repair and/or improve the Association's Improvements free from defects, in accordance with the Plans, Specifications, the POS, the Master Deed, and the Code and in accordance with the Standards.

5.    The Developer/Condominium Sponsor acting as Developer and as General Contractor failed to supervise the various subcontractors so as to prevent the failings discussed above.

6.    All Defendants and each of them were negligent in the construction, supervision of construction, supervision of subcontractors; in the performance of design and construction services to the Property and in the selection, supplying and use of materials in the development.

7.    All Defendants entered into agreements or contracts which set forth the quality and extent of work to be completed. All Defendants have breached the duties owed in their contracts and have failed to follow and comply with applicable standards, manufacturers' recommendations, and BOCA (Building Officials and Code Administration International, Inc.) Code requirements, specifications.

8. The Developer/Condominium Sponsor's officers and directors negligently failed to properly oversee, manage and administer the corporate functions of each of their separate corporate entities that were involved in the Vizcaya Project.

9. The Developer/Condominium Sponsor's officers and directors failed to supervise the actions of their individual corporate entities and individuals that were employed by each corporate entity causing non-compliance with subcontracts, failure to cure and mitigate construction defects, failure to properly appoint developer appointed board of trustee members, failure of corporate entities and the individuals employed therewith to perform tasks within the confines of the proper corporate entity resulting in the failure of corporate governance to the detriment of the Vizcaya Condominium association Inc.

10. As a direct and proximate result of the foregoing, the Plaintiff has sustained costs and damages and has and will in the future be compelled to expend substantial sums of money to complete alter, correct, cure, fix, remedy, rectify, repair, replace, service and adjust those items and conditions requiring same in the common and limited common elements to an extent not yet fully determined.

**WHEREFORE**, the Plaintiff demands judgment jointly and severally against the Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE INC. a/k/a/ BEST

GATE AND FENCE OF NJ, INC. ; C & S FOUNDATIONS, INC., CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC. a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC.; CONSTANT AIR, a/k/a CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.; DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE,INC.; DUBROW'S NURSERIES, INC.; FM HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE; HARMONY HEATING CORP.; JAN FENCE, INC.; M&S Builders, LLC, a/k/a  MS BUILDERS AND DEVELOPERS, LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION, LLC, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE  PLUMBING AND HEATING CO. INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT CONTRACTING LLC; SJ CARNEY ROOFING COMPANY, INC., SJP CONSTRUCTION, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE AND MASONRY CORP; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP.; VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC; D. LOUREIRO MASONRY CONTRACTOR,INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY

PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR, INC.; ARCO AIR CONDITIONING,INC.; MG HVAC, LLC; YEREVAN CORP.; IVLD, LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; DHNS ENGINEERING, INC.; JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies), JOHN DOES 21-30 (representing engineers individually or as companies); JOHN DOES 31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60) fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities; their affiliates, successors, and assigns, jointly and severally, for:

   a.   Compensatory damages;

   b.   Consequential damages;

   c.   Incidental damages;

   d.   Interest;

   e.   Cost of suit;

   f.   Attorneys' fees; and

   g.   Such other relief as the Court deems just and equitable.

## FOURTH COUNT
### (VIOLATION OF THE CONSUMER FRAUD ACT)

1. The Plaintiff incorporates herein as if more fully set forth in full the allegations contained in the foregoing paragraphs.

2. At all times relevant hereto, the Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; JOHN DOES (51-60) fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities, falsely and fraudulently represented to the Plaintiff that the Development is/was constructed and/or designed in accordance with the New Jersey Uniform Construction Code, the New Home Warranty and Builders Registration Act, the Hotel and Multiple Dwelling Law, the POS, the Master Deed, By-Laws, manufacturers' recommendations, industry standards, preliminary and final site plan approvals and/or the plans and specifications, and is/was merchantable, free from faults and defects, fit for its intended use and purpose and/or of good quality and workmanship, when in fact the property is not merchantable, defects and faults are/were present, the property is not fit for its intended purposes and use, and the operating budgets and reserve fund were fully prepared using inaccurate information.

3.      Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; JOHN DOES (51-60) fictitiously named individuals; and ABC CORP. (1-10) fictitiously named entities, were aware of the issues raised by SGH, as set forth in this Complaint, and failed to disclose, repair, take sufficient remedial action or advise Plaintiff of the construction defects.

4.      Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; JOHN DOES (51-60) fictitiously named individuals; and ABC CORP. (1-10) fictitiously named entities, actions and/or inactions were willful, wanton and deliberate and Plaintiff relied upon these misrepresentations and omissions to its detriment.

5.      At all times relevant hereto, the Defendants, ACIES GROUP, LLC.; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE INC, a/k/a/ BEST GATE AND FENCE OF NJ, INC.; C & S FOUNDATIONS, INC., CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC. a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC.; CONSTANT AIR, a/k/a CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.;

67

DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE,INC.; DUBROW'S NURSERIES, INC.; FM HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE; HARMONY HEATING CORP.; JAN FENCE, INC.; M&S BUILDERS, LLC, a/k/a MS BUILDERS AND DEVELOPERS, LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION, LLC, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE PLUMBING AND HEATING CO. INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT CONTRACTING LLC; SJ CARNEY ROOFING COMPANY, INC., SJP CONSTRUCTION, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE AND MASONRY CORP; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP., VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC; D. LOUREIRO MASONRY CONTRACTOR,INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR, INC.; ARCO AIR CONDITIONING, INC.; MG HVAC, LLC; YEREVAN CORP.; IVLD, LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS

MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; DHNS ENGINEERING, INC.; JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies), JOHN DOES 21-30 (representing engineers individually or as companies); JOHN DOES 31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60) fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities, by their selves and/or through their respective partners, agents, servants, employees and sub-contractors falsely and fraudulently represented to the Plaintiff that they individually performed their work under their contracts, constructed the buildings or common elements and/or designed the common elements in accordance with the New Jersey Uniform Construction Code, the New Home Warranty and Builders Registration Act, the Hotel and Multiple Dwelling Law, the POS, the Master Deed, By-Laws, manufacturers' recommendations, industry standards, preliminary and final site plan approvals and/or the plans and specifications, and is/was merchantable, free from faults and defects, fit for its intended use and purpose and/or of good quality and workmanship, when in

fact work was not performed according to the representations made in the contracts, the Property and common elements are not merchantable, defects and faults are/were present, and the property is not fit for its intended purposes and use.

6. All Defendants engaged in the sale of goods and services, that is, the construction and/or repair of the common elements of the Association.

7. The Plaintiff Association is a "Consumer" as defined by New Jersey law in relation to the common and limited common elements and relied on the misrepresentations made by All Defendants in relation to the construction and design of the common and limited common elements to its detriment.

8. All Defendants have employed unconscionable commercial practices and/or fraud or other unlawful acts in connection with the construction, development, sale and/or advertising of the common elements and limited common elements at the Development in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. ("Consumer Fraud Act").

9. As a direct and proximate result of the foregoing, the Plaintiff has been and continues to be damaged to an extent not yet fully determined.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES,

70

INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; ACIES GROUP, LLC.; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE INC, a/k/a/ BEST GATE AND FENCE OF NJ, INC.; C & S FOUNDATIONS, INC., CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC. a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC.; CONSTANT AIR, a/k/a CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.; DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE,INC.; DUBROW'S NURSERIES, INC.; FM HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE; HARMONY HEATING CORP.; JAN FENCE, INC.; M&S Builders, LLC, a/k/a MS BUILDERS AND DEVELOPERS, LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION, LLC, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE PLUMBING AND HEATING CO. INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT CONTRACTING LLC; SJ CARNEY ROOFING COMPANY, INC., SJP CONSTRUCTION, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE AND MASONRY CORP; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP., VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC; D. LOUREIRO MASONRY CONTRACTOR,INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL

71

INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR, INC.; ARCO AIR CONDITIONING, INC.; MG HVAC, LLC; YEREVAN CORP.; IVLD, LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; DHNS ENGINEERING, INC.; JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies), JOHN DOES 21-30 (representing engineers individually or as companies); JOHN DOES 31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60) fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities, their affiliates, successors, and assigns, jointly and severally, for:

    a.   Compensatory damages;

    b.   Consequential damages;

    c.   Treble damages;

d.   Incidental damages;

e.   Interest;

f.   Cost of suit;

g.   Attorneys' fees; and

h.   Such other relief as the Court deems just and equitable.

## FIFTH COUNT
### (CFA VIOLATION-FINANCIAL CLAIMS)

1.   The Plaintiff incorporates herein as if more fully set forth in full the allegations contained in the foregoing paragraphs.

2.   The Developer/Condominium Sponsor was required to pay all expenses of the Plaintiff Association prior to conveying individual units to purchasers.

3.   The Developer/Condominium Sponsor was required to subsidize the operating deficits of the Plaintiff Association while it controlled the Board of Trustees.

4.   The Developer/Condominium Sponsor was required to contribute its allocated share to the capital reserves of the Plaintiff Association.

5.   The Developer/Condominium Sponsor was required to contribute its allocated share to the deferred maintenance fund of the Plaintiff Association.

6.    The Developer/Condominium Sponsor has failed to pay the expenses to the Plaintiff Association and the fees required leaving the Plaintiff Association with a deficit for which the Developer/Condominium Sponsor is liable.

7.    The Developer/Condominium Sponsor was required to prepare and adopt an operating budget for the Plaintiff Association as well as preparing a reserve schedule.

8.    The Developer/Condominium Sponsor upon information and belief failed to satisfy all of its obligations by failing to make payments resulting in deficits in Capital Replacement Funding, Deferred Maintenance Funding and Operating Deficit Funding at a minimum.

9.    The Developer/Condominium Sponsor engaged in the sale of goods and services, that is, the construction, development, marketing, sale and operation of the of the common elements of the Association.

10.    The Plaintiff Association is a "Consumer" as defined by New Jersey law in relation to the common and limited common elements and the Association budget and relied on the misrepresentations made by the Developer/Condominium Sponsor that it would sufficiently contribute to the capital reserves, deferred maintenance and pay its obligations all to Plaintiff Association's detriment.

74

11. The Developer/Condominium Sponsor has employed unconscionable commercial practices and/or fraud or other unlawful acts in connection with the operation of the Association and the construction, development, sale and/or advertising of the common elements and limited common elements at the Development in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. ("Consumer Fraud Act").

12. As a direct and proximate result of the foregoing, the Plaintiff has been and continues to be damaged to an extent not yet fully determined.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; JOHN DOES (51-60) fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities, their affiliates, successors, and assigns, jointly and severally, for:

a. Compensatory damages;

b. Consequential damages;

c. Treble damages;

d. Incidental damages;

e. Interest;

f. Cost of suit;

g. Attorneys' fees; and

h.    Such other relief as the Court deems just and equitable.

## SIXTH COUNT
### (STRICT LIABILITY)

1.    The Plaintiff incorporates herein as if more fully set forth in full the allegations contained in the foregoing paragraphs.

2.     At all times material hereto, the Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC;  ACIES GROUP, LLC.; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE INC. a/k/a/ BEST GATE AND FENCE OF NJ, INC.; C & S FOUNDATIONS, INC., CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC. a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC.; CONSTANT AIR, a/k/a  CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.; DE MAC CONCRETE, INC., a/k/a DEMAC  CONCRETE,INC.;  DUBROW'S  NURSERIES,  INC.;  FM  HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE;  HARMONY HEATING CORP.; JAN FENCE, INC.; M&S BUILDERS, LLC, a/k/a  MS BUILDERS AND DEVELOPERS, LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION, LLC, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE  PLUMBING AND HEATING CO. INC.; RB CONTRACTORS,

INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT CONTRACTING LLC; SJ CARNEY ROOFING COMPANY, INC., SJP CONSTRUCTION, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE AND MASONRY CORP; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP.; VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC; D. LOUREIRO MASONRY CONTRACTOR,INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR, INC.; ARCO AIR CONDITIONING, INC.; MG HVAC, LLC; YEREVAN CORP.; IVLD, LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; DHNS ENGINEERING, INC.; JOHN DOES 1-20 (representing contractors and

subcontractors, individually or as companies), JOHN DOES 21-30 (representing engineers individually or as companies); JOHN DOES 31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60)fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities, were engaged in the business of designing and/or constructing condominium buildings.

3.    Each element of the development was designed, repaired, and/or constructed by the Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE INC, a/k/a/ BEST GATE AND FENCE OF NJ. INC.; C & S FOUNDATIONS, INC., CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC., a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC.; CONSTANT AIR, a/k/a CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.; DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE,INC.; DUBROW'S NURSERIES, INC.; FM HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE; HARMONY HEATING CORP.; JAN FENCE, INC.; M&S Builders, LLC, a/k/a  MS BUILDERS AND DEVELOPERS, LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION, LLC, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE  PLUMBING AND HEATING CO.

78

INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT CONTRACTING LLC; SJ CARNEY ROOFING COMPANY, INC., SJP CONSTRUCTION, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE AND MASONRY CORP; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP.; VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC; D. LOUREIRO MASONRY CONTRACTOR,INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR, INC.; ARCO AIR CONDITIONING, INC.; MG HVAC, LLC; YEREVAN CORP.; IVLD, LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; DHNS ENGINEERING, INC.; JOHN DOES

1-20 (representing contractors and subcontractors, individually or as companies); JOHN DOES 21-30 (representing engineers individually or as companies); JOHN DOES 31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60)fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities, in the normal course of business, and each such element was expected to and did, in fact, reach the Association thereof without inspection by the Association for latent defects and without substantial change in the condition in which it was originally sold by the Developer/Sponsor.

4.    In designing, repairing and constructing the buildings and improvements, the Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; ACIES GROUP, LLC.; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE INC. a/k/a/ BEST GATE AND FENCE OF NJ, INC.; C & S FOUNDATIONS, INC., CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC. a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC.; CONSTANT AIR, a/k/a  CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.; DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE,INC.; DUBROW'S NURSERIES, INC.; FM HOME IMPROVEMENT,

80

INC.; FULLERTON GROUNDS MAINTENANCE;  HARMONY HEATING CORP.; JAN FENCE, INC.; M&S Builders, LLC, a/k/a  MS BUILDERS AND DEVELOPERS, LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION, LLC, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE PLUMBING AND HEATING CO. INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT  CONTRACTING LLC; SJ CARNEY ROOFING COMPANY, INC., SJP CONSTRUCTION, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE AND MASONRY CORP; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP., VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC; D. LOUREIRO MASONRY CONTRACTOR,INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR, INC.; ARCO AIR CONDITIONING, INC.; MG HVAC, LLC; YEREVAN CORP.; IVLD, LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION

GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; DHNS ENGINEERING, INC.; JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies), JOHN DOES 21-30 (representing engineers individually or as companies); JOHN DOES 31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60) fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities, failed to comply with the requirements of the New Jersey Construction Code, failed to construct/repair in accordance with proper and approved construction plans and specifications, and failed to employ good design, engineering and construction practices. As a direct and proximate result, the Defendants constructed common elements and limited common elements therein which were defective and deficient and were unreasonably dangerous to the Plaintiff Association and others.

5.    The existence or causes of the defects and deficiencies are not readily recognizable by persons who lack special knowledge or training in that they are hidden by building components or finishes, and are latent defects and deficiencies because of the latent nature of the defects, the Plaintiff Association, through the exercise of reasonable diligence, did not discover the

82

existence or causes of such defects and deficiencies until after their purchase and occupancy.

6.    As a direct and proximate result of the Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; ACIES GROUP, LLC.; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE INC. a/k/a/ BEST GATE AND FENCE OF NJ, INC.; C & S FOUNDATIONS, INC., CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC. a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC.; CONSTANT AIR, a/k/a  CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.; DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE, INC.; DUBROW'S NURSERIES, INC.; FM HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE; HARMONY HEATING CORP.; JAN FENCE, INC.; M&S Builders, LLC, a/k/a  MS BUILDERS AND DEVELOPERS, LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION, LLC, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE  PLUMBING AND HEATING CO. INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT  CONTRACTING LLC; SJ CARNEY ROOFING COMPANY, INC., SJP CONSTRUCTION, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE AND MASONRY CORP; TEKCON CONSTRUCTION, INC.; THOMAS CLARK

FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP., VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC; D. LOUREIRO MASONRY CONTRACTOR,INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR, INC.; ARCO AIR CONDITIONING, INC.; MG HVAC, LLC; YEREVAN CORP.; IVLD, LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; DHNS ENGINEERING, INC.; JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies), JOHN DOES 21-30 (representing engineers individually or as companies); JOHN DOES 31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60)fictitiously named individuals; ABC CORP. (1-10) fictitiously

84

named entities, construction of the units in the defective and deficient conditions aforesaid, the Plaintiff Association has been and will be required to expend large sums of money for the repair and maintenance of the property, buildings, and improvements of the condominium development.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; ACIES GROUP, LLC.; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE INC, a/k/a/ BEST GATE AND FENCE OF NJ, INC.; C & S FOUNDATIONS, INC., CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC. a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC.; CONSTANT AIR, a/k/a CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.; DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE,INC.; DUBROW'S NURSERIES, INC.; FM HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE; HARMONY HEATING CORP.; JAN FENCE, INC.; M&S Builders, LLC, a/k/a MS BUILDERS AND DEVELOPERS, LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION, LLC, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE PLUMBING AND HEATING CO. INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT CONTRACTING LLC; SJ

85

CARNEY ROOFING COMPANY, INC., SJP CONSTRUCTION, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE AND MASONRY CORP; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP.; VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC; D. LOUREIRO MASONRY CONTRACTOR, INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR, INC.; ARCO AIR CONDITIONING, INC.; MG HVAC, LLC; YEREVAN CORP.; IVLD, LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; DHNS ENGINEERING, INC.; JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies), JOHN DOES 21-30 (representing engineers individually or as companies); JOHN DOES

31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60)fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities, their affiliates, successors, and assigns, jointly and severally, for:

    a.   Compensatory damages;

    b.   Consequential damages;

    c.   Incidental damages;

    d.   Interest;

    e.   Cost of suit;

    f.   Attorneys' fees; and

    g.   Such other relief as the Court deems just and equitable.

### SEVENTH COUNT
### (DEFECTIVE MATERIALS)

1. The Plaintiff incorporates herein as if more fully set forth in full the allegations contained in the foregoing paragraphs.

2. The Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC;  ACIES GROUP, LLC.; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE INC, a/k/a/ BEST GATE

AND FENCE  OF NJ, INC.; C & S FOUNDATIONS, INC., CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC. a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC.; CONSTANT AIR, a/k/a CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.; DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE, INC.; DUBROW'S NURSERIES, INC.; FM HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE; HARMONY HEATING CORP.; JAN FENCE, INC.; M&S Builders, LLC, a/k/a  MS BUILDERS AND DEVELOPERS, LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION, LLC, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE  PLUMBING AND HEATING CO. INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT CONTRACTING  LLC; SJ  CARNEY  ROOFING  COMPANY,  INC.,  SJP CONSTRUCTION, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY CONCRETE AND MASONRY CORP; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP.; VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC; D. LOUREIRO MASONRY CONTRACTOR,INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY

88

PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR, INC.; ARCO AIR CONDITIONING, INC.; MG HVAC, LLC; YEREVAN CORP.; IVLD, LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING;  JOHNS MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies), JOHN DOES 21-30 (representing engineers individually or as companies); JOHN DOES 31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60)fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities, utilized or created defective materials for use at the Property in connection with its construction.

3.    These Defendants also failed to discover and replace said defective materials and left them to cause damage to the Property.

4.    As a direct and proximate result of the creation or use of defective materials in the development of the Property has been damaged, and has and will continue to be damaged as these materials

fail to last for a reasonable useful life, fail to function properly and have to be replaced, and cause other damage to the Property and the Units and the property of the Association.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC; ACIES GROUP, LLC.; ACROW CORPORATION OF AMERICA; ALL STATE CONSTRUCTION COMPANY; AS BARLIN ASSOCIATES, INC.; BEST GATE & FENCE INC. a/k/a/ BEST GATE AND FENCE OF NJ, INC.; C & S FOUNDATIONS, INC., CAPORASO EXCAVATING, INC.; CLEM'S ORNAMENTAL IRON WORKS, INC. a/k/a CLEM CARFARO'S ORNAMENTAL IRON WORKS, INC.; CONSTANT AIR, a/k/a  CONSTANT AIR SERVICES LLC; DAN'S HEATING & AIR CONDITIONING, INC.; DE MAC CONCRETE, INC., a/k/a DEMAC CONCRETE, INC.; DUBROW'S NURSERIES, INC.; FM HOME IMPROVEMENT, INC.; FULLERTON GROUNDS MAINTENANCE;  HARMONY HEATING CORP.; JAN FENCE, INC.; M&S Builders, LLC, a/k/a  MS BUILDERS AND DEVELOPERS, LLC; MOBILITY ELEVATOR & LIFT CO.; MONTE BELOS CONSTRUCTION, INC.; NK CONSTRUCTION, LLC, PRESTIGE PLUMBING, INC., a/k/a PRESTIGE  PLUMBING AND HEATING CO. INC.; RB CONTRACTORS, INC.; RITEWAY CONSTRUCTION, INC.; ROMITCH, INC.; RSR CONTRACTING, LLC.; SEAL TIGHT, INC., a/k/a SEAL TIGHT  CONTRACTING LLC; SJ CARNEY ROOFING COMPANY, INC., SJP CONSTRUCTION, INC.; SJP CONTRACTING, a/k/a SJP CONSTRUCTION INCORPORATED; SUSSEX COUNTY

CONCRETE AND MASONRY CORP; TEKCON CONSTRUCTION, INC.; THOMAS CLARK FIBERGLASS, LLC; THYSSENKRUPP ELEVATOR CORP.; VERSATILE SHADE SYSTEMS, L.L.C. a/k/a V.S.S., a/k/a V.S.S. LLC, a/k/a VSS CONSTRUCTION, LLC; D. LOUREIRO MASONRY CONTRACTOR,INC.; JHB CONTRACTORS, LLC; AJILIA CONTRACTORS; TERINO STUCCO, LLC; ALL STATE RESTORATION, INC; BLUE LINE DRYWALL AND BUILDER, INC; COASTAL INSULATION & INSTALLED PRODUCTS, LLC a/k/a COASTAL INSULATION CORP.; JHC FIRE CONTAINMENT SOLUTIONS, INC. d/b/a JHC FIRE STOP, INC.; JOA-LYN ENTERPRISE INC. t/a JLE INSULATION; SYNTHETIC STONE, INC; CHESTER, PLOUSSAS, LISOWSKY PARTNERSHIP, L.L.C.; LESSARD DESIGN, INC.; LESSARD URBAN, INC.; A&S COMFORT AIR, INC.; ARCO AIR CONDITIONING, INC.; MG HVAC, LLC; YEREVAN CORP.; IVLD, LLC; NORTH HVAC, INC.; MONAIR INC.; TRI-STATE GUNITE, LP; MERKEL REBAR, INC.; RAYMOND POOL PLASTERING; JOHNS MANVILLE, INC.; PATWOOD CONTRACTING COMPANY A/K/A PATWOOD ROOFING COMPANY; STAKPOL, LLC; V&V GENERAL CONSTRUCTION; FM CONSTRUCTION GROUP, LLC; AMERICAN PANEL TEC; OASIS GENERAL CONSTRUCTION; RB CARPENTRY BUILDERS, INC.; GALE ASSOCIATES, INC.; CUSTOM STEEL CONTRACTORS, INC.; SYSTEM ERECTORS, LLC; CONCRETE SYSTEMS, LLC; PERIN CONSTRUCTION CORPORATION; JOHN DOES 1-20 (representing contractors and subcontractors, individually or as companies), JOHN DOES 21-30 (representing engineers individually or as companies); JOHN DOES 31-40 (representing architects individually or as companies); JOHN DOES 41-50 (representing manufacturers); JOHN DOES (51-60)fictitiously

named individuals; ABC CORP. (1-10) fictitiously named entities, their affiliates, successors, and assigns, jointly and severally, for:

    a.    Compensatory damages;

    b.    Consequential damages;

    c.    Incidental damages;

    d.    Punitive damages;

    e.    Interest;

    f.    Cost of suit;

    g.    Attorneys' fees; and

    h.    Such other relief as the Court deems just and equitable.

## EIGHTH COUNT
### (BREACH OF CONTRACT-FINANCIAL UNDERFUNDING)

1. The Plaintiff incorporates herein as if more fully set forth in full the allegations contained in the foregoing paragraphs.

2. At all times relevant hereto, the Developer/Condominium Sponsor was contractually obligated to establish and adequately fund the Association's capital replacement fund, deferred maintenance fund and to pay their fair share of the common expenses.

3. The Developer/Condominium Sponsor was required to make

full disclosure to prospective purchasers of the items to be maintained by the Association and prepare a budget providing adequately for the needs of the Association and adequate reserves for the replacement of capital improvements.

4.   The Developer/Condominium Sponsor failed to properly establish reserve items for the capital replacement fund.

5.   The Developer/Condominium Sponsor failed to adequately fund the capital replacement fund.

6.   The actions of the Developer/Condominium Sponsor constituted a breach of contract.

7.   As a direct and proximate result of this breach of Contract by the Developer/Condominium Sponsor the Plaintiff Association has sustained damage to an extent not yet fully determined.

**WHEREFORE**, the Plaintiff demands judgment against the Developer/Condominium Sponsor, NORTHFIELD MASS ASSOCIATES, L.L.C.; BNE INVESTORS VII, L.L.C.; MILLENNIUM HOMES; MILLENNIUM HOMES, LLC; MILLENNIUM HOMES, INC.; BNE ASSOCIATES; BNE ASSOCIATES, INC.; BNE REAL ESTATE GROUP; BNE REAL ESTATE GROUP, LLC their affiliates, successors, and assigns, jointly and severally, for:

a. Compensatory damages;

b. Consequential damages;

c. Incidental damages;

d. Interest;

    e. Cost of suit;

    f. Attorneys' fees; and

    g. Such other relief as the Court deems just and equitable.

## NINTH COUNT
### (BREACH OF FIDUCIARY DUTY)

1. The allegations of all proceeding paragraphs above are hereby incorporated by reference as though fully set forth at length herein.

2. The Association is responsible for the maintenance, management and operation of the Common Elements of Vizcaya Condominium Association, Inc. The Association's responsibility is fulfilled by and through a governing board.

3. Prior to Transition, which occurred upon the sale of seventy-five (75%) percent of the units at Vizcaya Condominium Association, Inc., to Members, the Developer/Condominium Sponsor had the obligation to designate and select the majority of the members of the Board of Trustees of the Association, JAMES PULEO, RANDY WEATHERLY, and DAVID PANTIRER as well as JOHN DOE BOARD MEMBERS 1-25, were designated by the Developer/Condominium Sponsor as the initial Board of Trustees. The Developer/Condominium Sponsor thereby totally controlled the Association through its designated board members.

4. Prior to Transition, JAMES PULEO, RANDY WEATHERLY, and DAVID PANTIRER, as well as JOHN DOE BOARD MEMBERS 1-25, were

94

obligated to comply with the New Jersey Condominium Act, the New Jersey Non-Profit Corporation Act, the New Jersey Planned Real Estate Development Full Disclosure Act, and all other applicable laws and regulations and the documents by which the Association was created and governed.

5.     Prior to Transition, the Developer/Condominium Sponsor, by and through JAMES PULEO, RANDY WEATHERLY, and DAVID PANTIRER, as well as JOHN DOE BOARD MEMBERS 1-25, had a fiduciary relationship with, and was bound to act with fidelity and the utmost good faith toward, the Association and the Members.

6.     In selecting the members of the governing board of the Association, the Developer/Condominium Sponsor implicitly and/or explicitly agreed and undertook to act as a fiduciary and to give the benefit of its best care and judgment on behalf of, and to exercise its powers in the interest of, the Association and the Members.

7.     In accepting the responsibility of being members of the governing board of the Association, JAMES PULEO, RANDY WEATHERLY, and DAVID PANTIRER, as well as the JOHN DOE BOARD MEMBERS 1-25, implicitly and/or explicitly agreed and undertook to act as fiduciaries and to give the benefit of their best care and judgment on behalf of, and to exercise their powers in the interests of, the Association and the Members.

95

8.   The Public Offering Statement specifically states that the creation of Vizcaya Condominium Association, Inc., is governed by the New Jersey Condominium Act, N.J.S.A. §46:8B-1 et seq., the Planned Real Estate Development Full Disclosure Act, N.J.S.A. §45:22A-21 et seq., ("PREDFDA"), and the regulations promulgated thereunder.

9.   N.J. Admin. Code Tit. 5, §26-8.3(b), states, in part, that the members of the board of directors of a nonprofit corporation, such as a homeowners' association, including those appointed by the developer, have a fiduciary obligation to the Association and are liable for their acts or omissions.

10.   Prior to Transition, the Developer/Condominium Sponsor and JAMES PULEO, RANDY WEATHERLY, and DAVID PANTIRER, as well as the JOHN DOE BOARD MEMBERS 1-25, were responsible for, among other things, conducting the business of the Association for the benefit of the Association and Members, including, but not limited to, the maintenance, repair and replacement of the Common Elements of Vizcaya Condominium Association, Inc., the inspection of the Common Elements of Vizcaya Condominium Association, Inc., for defects and deficiencies in both the design and construction thereof, and, upon discovery or other notice of such defects and deficiencies, including but not limited to issues raised by SGH, to ensure the inspection, repair or replacement thereof.

11.   The Developer/Condominium Sponsor and JAMES PULEO, RANDY WEATHERLY, and DAVID PANTIRER, as well as the JOHN DOE BOARD MEMBERS 1-25, each intentionally acted in the best interests of the Developer rather than in the best interest of the Association, by failing to discover and/or disclose and/or correct the defects and deficiencies in the design and construction of the Common Elements, including those raised by SGH in its draft report, at Vizcaya Condominium Association, Inc.

12.   As a direct and proximate result of the foregoing breaches of their fiduciary duties to the Association by the Developer/Condominium Sponsor and JAMES PULEO, RANDY WEATHERLY, and DAVID PANTIRER as well as the JOHN DOE MEMBERS 1-25, as set forth above, the Association has been, and will in the future be, severely damaged because, inter alia, it has been and will be required to expend substantial sums of money to: (a) inspect, identify, correct, cure, remedy, replace, complete or repair those items and conditions requiring same; and (b) to engage and pay counsel and experts to bring this action.

13.   The actions of the Developer/Condominium Sponsor and JAMES PULEO, RANDY WEATHERLY, and DAVID PANTIRER, as well as the JOHN DOE MEMBERS 1-25, were willful and wanton, or were undertaken with reckless disregard for the rights of the Association and the Members, thereby justifying an award of punitive damages.

WHEREFORE, the Plaintiff demands judgment jointly and severally against the Defendants, JAMES PULEO, RANDY WEATHERLY, and DAVID PANTIRER, and JOHN DOE BOARD MEMBERS 1-25 John DOE fictitiously named entities; their affiliates, successors, and assigns, jointly and severally, for:

   a. Compensatory damages;

   b. Consequential damages;

   c. Punitive damages;

   d. Incidental damages;

   e. Interest;

   f. Cost of suit;

   g. Attorneys' fees; and

   h. Such other relief as the Court deems just and equitable.

## TENTH COUNT
### (INSURANCE BROKERS/PRODUCERS)

1. The Plaintiff incorporates herein as if more fully set forth in full the allegations contained in the foregoing paragraphs.

2. Plaintiff is a third-party beneficiary of any insurance policies obtained by the Defendants named in this complaint.

3. JOHN DOE BROKERS/PRODUCERS (61-80) fictitiously named individuals and ABC CORP. BROKERS/PRODUCERS (11-30) fictitiously

named entities, procured insurance policies for the Defendants named in this complaint.

4.   JOHN DOE BROKERS/PRODUCERS (61-80) fictitiously named individuals and ABC CORP. BROKERS/PRODUCERS (11-30) fictitiously named entities, had a duty to: 1) ensure the insurance procured for the Defendants named in this complaint, including but not limited to, contractors and subcontractors, was appropriate for and covered the work being performed by that Defendant;  and 2) explain the coverage to the Defendant.

5.   Upon information and belief, the insurance policies procured by, JOHN DOE BROKERS/PRODUCERS (61-80) fictitiously named individuals and ABC CORP. BROKERS/PRODUCERS (11-30) fictitiously named entities, was not appropriate for the type of work being performed by the Defendants.

6.   Upon information and belief, DOE BROKERS/PRODUCERS (61-80) fictitiously named individuals and ABC CORP. BROKERS/PRODUCERS (11-30) fictitiously named entities, failed to explain to the Defendants the type and scope of coverage being obtained on behalf of the Defendants.

7.   The insurance policies obtained by JOHN DOE BROKERS/PRODUCERS (61-80) fictitiously named individuals and ABC CORP. BROKERS/PRODUCERS (11-30) fictitiously named entities, for the Defendants were not appropriate for the work being performed

99

by those Defendants as they contained exclusions for the type of work being performed by the Defendants.

8. JOHN DOE BROKERS/PRODUCERS (61-80) fictitiously named individuals and ABC CORP. BROKERS/PRODUCERS (11-30) fictitiously named entities, were therefore negligent in the procuring of such insurance.

9. As a direct and proximate result of the foregoing, Defendants lack insurance to cover the damages sustained by Plaintiff.

10. As a direct and proximate result of the foregoing, Plaintiff has sustained costs and damages and has and will in the future be compelled to expend substantial sums of money to complete alter, correct, cure, fix, remedy, rectify, repair, replace, service and adjust those items and conditions requiring same in the common and limited common elements to an extent not yet fully determined.

**WHEREFORE**, the Plaintiff demands judgment jointly and severally against the Defendants, JOHN DOE BROKERS/PRODUCERS (61-80) fictitiously named individuals and ABC CORP. BROKERS/PRODUCERS (11-30) fictitiously named entities; their affiliates, successors, and assigns, jointly and severally, for:

a. Compensatory damages;

b. Consequential damages;

c. Incidental damages;

d.    Interest;

e.    Cost of suit;

f.    Attorneys' fees; and

g.    Such other relief as the Court deems just and equitable.

**ELEVENTH COUNT**
**(BREACH OF CONTRACT-ABC CORP. (31-40) FICTITIOUSLY NAMED ENTITIES)**

1.    The Plaintiff incorporates herein as if more fully set forth in full the allegations contained in the foregoing paragraphs.

2.    At all times relevant hereto, ABC CORP. (31-40) fictitiously named entities was contractually obligated to the Association and act in the best interests of the Association.

3.    ABC CORP. (31-40) fictitiously named entities was required to make full disclosure to the Association of known construction defects and maintenance issues.

4.    ABC CORP. (31-40) fictitiously named entities failed to properly disclose to the Association known construction defects and maintenance issues including but not limited to the information supplied by SGH to the Developer.

5.    The actions of ABC CORP. (31-40) fictitiously named entities constitutes a breach of contract.

6.    As a direct and proximate result of this breach of

Contract by ABC CORP. (31-40) fictitiously named entities the Plaintiff Association has sustained damage to an extent not yet fully determined.

**WHEREFORE,** the Plaintiff demands judgment against ABC CORP. (31-40) fictitiously named entities, its affiliates, successors, and assigns, jointly and severally, for:

      a. Compensatory damages;

      b. Consequential damages;

      c. Incidental damages;

      d. Interest;

      e. Cost of suit;

      f. Attorneys' fees; and

      g. Such other relief as the Court deems just and equitable.

## TWELFTH COUNT
**(NEGLIGENCE – ABC CORP. (31-40) fictitiously named entities)**

1. The Plaintiff incorporates herein as if more fully set forth in full the allegations contained in the foregoing paragraphs.

2. ABC CORP. (31-40) fictitiously named entities had a duty to manage, supervise, inspect, properly oversee, and administer the corporate functions of the Plaintiff Association.

3. ABC CORP. (31-40) fictitiously named entities had a duty to disclose the conditions of the common elements of the Association.

4. ABC CORP. (31-40) fictitiously named entities failed to manage, supervise, inspect, properly oversee, and administer the corporate functions of the Plaintiff Association.

5. ABC CORP. (31-40) fictitiously named entities failed to disclose the conditions of the common elements of the Association, including the findings of SGH that were reported to the Developer.

6. ABC CORP. (31-40) fictitiously named entities was negligent in its management, supervision, inspections, disclosures, oversight and administration of the Association and its common elements.

7. ABC CORP. (31-40) fictitiously named entities entered into agreements or contracts with the Association which sets forth its responsibilities. ABC CORP. (31-40) fictitiously named entities has breached the duties owed in its contracts and have failed to follow and comply with applicable standards.

8. As a direct and proximate result of the foregoing, the Plaintiff has sustained costs and damages and has and will in the future be compelled to expend substantial sums of money to complete alter, correct, cure, fix, remedy, rectify, repair, replace, service and adjust those items and conditions requiring same in the common and limited common elements to an extent not yet fully determined.

**WHEREFORE**, the Plaintiff demands judgment jointly and severally against the Defendants, ABC CORP. (31-40) fictitiously

103

named entities, JOHN DOES (51-60) fictitiously named individuals; ABC CORP. (1-10) fictitiously named entities; their affiliates, successors, and assigns, jointly and severally, for:

    a.   Compensatory damages;

    b.   Consequential damages;

    c.   Incidental damages;

    d.   Interest;

    e.   Cost of suit;

    f.   Attorneys' fees; and

    g.   Such other relief as the Court deems just and equitable.

**HUESTON MCNULTY, P.C.**
Attorneys for Plaintiff

*Samuel J. McNulty, Esq.*
By:_____
    SAMUEL J. MCNULTY, ESQ.

Dated: 4-28-23

**JURY DEMAND**

The Plaintiff hereby demands trial by jury on all issues raised herein.

**HUESTON MCNULTY, P.C.**
Attorneys for Plaintiff

*Samuel J. McNulty, Esq.*
By:_____
    SAMUEL J. MCNULTY, ESQ.

Dated: 4-28-23

104

## DESIGNATION OF TRIAL COUNSEL

SAMUEL J. MCNULTY, ESQ., is hereby designated as trial counsel on behalf of the Plaintiff at the trial of the within action.

**HUESTON MCNULTY, P.C.**
Attorneys for Plaintiff

*Samuel J. McNulty, Esq.*

By:_____
        SAMUEL J. MCNULTY, ESQ.

Dated: 4-28-23

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that the matter in controversy is not, to the best of my knowledge, the subject of any other action pending in any court, or of a pending arbitration proceeding, and that no such action or arbitration proceeding is contemplated. To the best of answering plaintiff's knowledge at this point in time, no other party should be joined in this matter at this time.

I certify that the foregoing statements made by me are true and accurate and I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

**HUESTON MCNULTY, P.C.**
Attorneys for Plaintiff

*Samuel J. McNulty, Esq.*

By:_____
        SAMUEL J. MCNULTY, ESQ.

Dated: 4-28-23

# Hueston McNulty
### ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

ROBERT J. HUESTON\*◇
SAMUEL J. MCNULTY\*�◇+^◇
JOHN F. GAFFNEY\*◇◇
BRIAN J. MCNULTY\*+
EDWARD J. TURRO\*
BRIAN J. MCINTYRE\*◇
DONNA B. SHAW\*
ANTHONY J. CHIRLES, JR.\*‡

◇ CERTIFIED CIVIL TRIAL ATTORNEY
\* MEMBER OF NJ BAR
◇ MEMBER OF NY BAR
‡ MEMBER OF DC BAR
+ MEMBER OF PA BAR
^ MEMBER, COLLEGE OF COMMUNITY
   ASSOCIATION ATTORNEYS

256 COLUMBIA TPK. SUITE 207
FLORHAM PARK, NJ 07932

WWW.HUESTONMCNULTY.COM

DEFENSE AND GENERAL COUNSEL
SERVING NEW JERSEY, NEW YORK & PENNSYLVANIA

TEL: 973-377-0200 / FAX: 973-377-6328
INFO@HUESTONMCNULTY.COM

OF COUNSEL
AIMEE H. MCNULTY \*+
CAROL A. SCHRAGER ◇
THOMAS VINCENT GIAIMO \*◇
BRYAN M. BUFFALINO \*+

April 28, 2023

**VIA ECOURTS AND EMAIL**
Superior Court of New Jersey – Essex County
Clerk, Law Division
Historic Courthouse
470 Martin Luther King Jr. Blvd.
Newark, New Jersey 07102

> **Re:  Vizcaya Condominium Association, Inc. v. Northfield Mass Associates, LLC at al**
> **Docket No.: ESX-L-7766-17**
> **Our File No: 9496**

Dear Sir/Madam:

Our office represents the Plaintiff, Vizcaya Condominium Association, Inc. in the above referenced matter. On April 26, 2023, the Honorable Keith E. Lynott, J.S.C. granted in part Plaintiff's motion for Leave to Identify Fictitious Parties and File a Sixth Amended Complaint.  Attached hereto for filing, is Plaintiff's Sixth Amended Complaint. If you have any questions, please contact our office.

Respectfully submitted,
**HUESTON MCNULTY, P.C.**

*Brian J. McIntyre, Esq.*
By:  _____
BRIAN J. MCINTYRE, ESQ.

BJM/agf

FLORHAM PARK  |  SPARTA  |  RUMSON  |  EXTON  |  MANHATTAN

April 28, 2023
Page 2


Cc: All Counsel- via e courts and email